[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT
On March 9, 1989 plaintiff Robert S. Dicosmo filed this action against defendants, City of Bridgeport, and The Southern Connecticut Gas Company ("SCG") by way of a two count complaint. Count one of the complaint against the City sounds in defective highway. Count two of the complaint as to SCG sounds in negligence. The following facts are alleged in plaintiff's complaint. On August 25, 1987 plaintiff parked his truck at the intersection of Barnum Avenue and Grant Street and Pixlee Place in the City of Bridgeport. While crossing said intersection plaintiff stepped into an eight inch hole in the highway and sustained personal injury. The hole was located nine feet and ten inches (9' 10") from the curb in the CT Page 2400 westbound lane of the intersection; and was thirty-seven (37) feet east of utility pole no. 5456 and fifty-one (51) feet southwest of utility pole no. 1284. Plaintiff further alleges that the hole is an accessibility connection to gas pipes kept and maintained by SCG beneath the highway. The plaintiff claims money damages.
Defendant SCG has filed an answer admitting that it maintains an accessibility connection at said intersection and a special defense. Defendant City of Bridgeport has filed its answer to the complaint. Defendant SCG filed a revised special defense on October 5, 1989 alleging that the complaint fails to allege a connection between SCG's maintenance of gas pipes beneath the street and plaintiff's injury.
On December 4, 1989, SCG filed a third party action in indemnification against Bridgeport Hydraulic Company. ("BHC") In said complaint SCG alleges that BHC maintains an accessibility connection known as a water valve box at the intersection and location where plaintiff Dicosmo claims he was injured. On December 18, 1989, defendant SCG filed a request for leave to amend paragraph three of its answer to deny that SCG maintains an accessibility connection at the location where plaintiff was injured. A copy of the amendment was appended to the request. Plaintiff Dicosmo did not file an objection within fifteen days from the filing of the request, and therefore, is deemed to have consented to the request. See Conn. Practice Bk. 176(c).
On December 18, 1989, defendant SCG also filed a motion for summary judgment as to plaintiff Dicosmo's complaint on the ground that SCG maintains no accessibility connections at or near the location where plaintiff claims that he was injured. In support of its motion SCG filed: (1) a memorandum of law; (2) the affidavit of Joseph Csom, Risk Manager for SCG; (3) a map of Grant Street and Barnum Avenue intersection (Exhibit A); and (4) a letter from Michael Buturla P.E., L.S. to Joseph Csom. On January 17, 1990, plaintiff Dicosmo filed an objection to the motion for summary judgment. In support of his objection, plaintiff filed: (1) the affidavit of plaintiff Dicosmo; (2) three copies of photographs of the hole; and (3) a memorandum of law.
On January 22, 1990, the court, Spear, J., heard the motion for summary judgment. The court rt marked the motion off allowing the parties thirty (30) days for discovery. The motion was reclaimed on the short calendar for June 11, 1990 as non-arguable and was taken-on-the-papers by this court.
Any party may move for summary judgment after the CT Page 2401 pleadings are closed. Conn. Practice Bk. 379; Doublewal Corp. v. Toffolon, 195 Conn. 384, 391 (1985). Pleadings are closed when the defendant answers the plaintiff's complaint, unless the defendant files special defenses or counterclaims — then plaintiff must reply. Doublewal Corp., 195 Conn. at 391.
Summary judgment may be granted only where "the pleadings, affidavits and other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Conn. Practice Bk. 384; Wilson v. New Haven, 213 Conn. 277, 279 (1989). Mere assertions of fact or legal conclusions contained in a complaint or in a brief are insufficient to establish the existence of a material fact and therefore, can not refute evidence properly presented to the court under Conn. Practice Bk. 380; Daily v. New Britain Machine Co., 200 Conn. 562, 569
(1986). The burden is on the movant to show "that it is quite clar what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." D.H.R. Construction Co., Inc. v. Donnelly, 180 Conn. 430, 434 (1980). A material fact is a fact that will make a difference in the result of a case. Catz v. Rubenstein, 201 Conn. 39, 48 (1986).
Defendant SCG, in support of its motion for summary judgment, has filed a map prepared by Michael Buturla P.E., L.S. Also filed was a letter from Michael Buturla stating in pertinent part that "the distances stated in the Summons to the `hole', are very similar to the distances noted on my map. Please note per my map that there were no valve covers labeled `Gas' in the immediate area shown on my map that I could find. The map depicts a valve cover labeled water located nine feet and seven inches (9' 7") from the curb; thirty-six feet and seven inches (36' 7") from utility pole No. 5456: and forty-nine (49) feet from utility pole No. 1284.
The Court finds that although defendant SCG has filed documentary evidence in support of its motion, such evidence does not exclude any real doubt as to the existence of a genuine issue of material fact, namely, who maintains the accessibility connection.
The motion for summary judgment is denied.
CLARENCE J. JONES, JUDGE.