[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This case comes to this court on the plaintiff's motion for summary judgment dated April 19, 1991 with attached documentation.
Procedurally the action to foreclose a mortgage was instituted by the Connecticut Bank Trust Company (CBT) against the defendants on August 6, 1990 in a two count complaint. By their first count CBT claims that the individual defendants, Joseph N. Fulton and Paul R. Theroux, were in default in connection with the payment of their promissory note in the original principal amount of $135,000.00, the payment of which was secured by a mortgage on property known as 13 Beckwith Lane, 13 Lieutenant River Lane, and 16 Lieutenant River Lane (hereinafter the property). In the second count CBT claims that the corporate defendant, Alderson-Prentis, Inc., guaranteed the repayment of the note which has not been paid after demand. The plaintiff, CBT, is claiming a foreclosure of the mortgage, possession of the property, and a deficiency judgment among other things. By their Answer and Special Defense the defendants first have alleged that the payments which were made were made "later than the due dates specified in the note" and that by such a course of conduct CBT by implication modified the terms of the note. The second Special Defense alleges essentially the same conduct and concludes that the acquiescence with the late payments induced the defendants to continue making late payments and claims estoppel.
It is in connection with these two claims that the CBT files its motion for summary judgment, under the authority of Practice Book Section 378, et seq. alleging that there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment as a matter of law. The defendants on May 9, 1991 filed a memorandum in opposition to the motion together with an affidavit.
Summary judgment should be granted when the documentation demonstrates that there is no genuine issue of material fact remaining for trial and that the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983). Once the moving party sustains the burden of presenting evidence in support for the motion for summary judgment, the opposing party must show that a factual dispute does exist. Burns v. Hartford al,192 Conn. 451 (1984). But mere assertions of fact, without CT Page 4742 evidentuary support in the documentation provided, are not sufficient to defeat a motion for summary judgment. Id. "Material fact" has frequently been defined as a fact that will make a difference in the outcome of the case. Hammer v. Lumberman's Mutual Casualty Company, 214 Conn. 573, 578 (1990); United Oil Company v. Urban Development Commission, 158 Conn. 364,379 (1969). The test for whether there is a material fact is whether a party would be entitled to a directed verdict on the same facts. State v. Googin, 200 Conn. 606, 616 (1988). The function of the court is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1988). Inferences to be drawn from underlying facts contained in the evidentiary material must be viewed in a light most favorable to the party in opposition. D.H.R. Construction Company v. Donnelley,180 Conn. 430, 434 (1980).
The issue which is framed by the documentation and the claims of the parties is whether or not CBT by accepting late payments has either impliedly modified the terms of the note or has created a situation in which it should be estopped from enforcing the terms of the note.
While the defendants in their memorandum of law in opposition to plaintiff's motion for summary judgment suggest that this issue is an issue "of fact to be decided upon a full trial", the court views the issue as one of law, not fact.
The mortgage note in question (which is attached to the complaint as Exhibit A) indicates after the usual default clause "No failure to exercise such option shall be deemed a waiver on the part of the lender of any right accruing thereafter".
CBT claims and the court finds the case of Christensen v. Cutaia, 211 Conn. 613 (1989) is controlling. In that case under circumstances not sufficiently dissimilar to effect its applicability our Connecticut Supreme Court said "While inconsistent conduct may, under certain circumstances, be deemed a waiver of a right to accelleration, the insertion of a non-waiver clause is designed to avoid exactly such an inference . . ."
The motion for summary judgment is granted against the defendants on the above issues.
This ruling is interlocutory as to the issues raised only, pursuant to Section 385 of the Practice Book and therefore the case may proceed on the other issues as provided by law. CT Page 4743
Leuba, J.