[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
By complaint filed October 27, 1993, the plaintiff, Shawmut Bank Connecticut, N.A. (hereinafter "Shawmut"), seeks to foreclose three mortgages securing the amount's due pursuant to a promissory note from the defendants Betty Ann Possidento, Stephen Possidento and Stella A. Johnston (hereinafter "defendants"), in the original principal amount of $485,480.93.
On December 30, 1993, the defendants filed an answer to the plaintiff's complaint, generally denying each allegation contained in the plaintiff's complaint.
On January 11, 1994, Shawmut filed a motion for summary CT Page 2851 judgment, an accompanying memorandum of law, and the affidavit of Robert McNabb, a vice president of Shawmut Bank Connecticut, N.A.
On February 14, 1994, the defendants filed a "Motion for Dismissal of Summary Judgment" which does not contain opposing affidavits in conformance with Section 381 of the Practice Book. In fact, there are no affidavits at all.
In order to obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Practice Book 384; Connelly v. Housing Authority, 213 Conn. 354,364, 567 A.2d 1212 (1990). "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
Although the moving party has the burden of showing the that there exists no genuine issue as to any material fact, the "party seeking to resist summary judgment may not rely on the underlying pleadings containing only general denials . . . to establish the existence of a `genuine issue' as to a material fact." Citizens National Bank v. Hubney, 182 Conn. 310, 312,438 A.2d 430 (1980). Mere assertions of fact, without evidentiary support in the documentation provided, are insufficient to establish the existence of a material fact and cannot refute evidence properly presented to the court under Practice Book 380. Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 12, 459 A.2d 115 (1983); Connecticut Bank Tr. v. Fulton, 6 CSCR 600 (May 16, 1991, Leuba, J.).
In support of its motion, Shawmut has submitted the affidavit of Robert McNabb evidencing the existence of the defendants' debt to the Shawmut and the existence of the mortgages securing such debt. The defendants, in opposition to the plaintiff's motion, have made a general denial as to the allegations contained in Shawmut's complaint. Additionally, the defendants have asserted that payment of their debt was made on October 1, 1993, at Shawmut Bank, South Main Street, Colchester, Connecticut. Even taking into account a liberal application of the rules for pro se parties, these assertions are insufficient to establish the existence of a material fact. See Bartha v. Waterbury House Wrecking Co., supra 12. Accordingly, Shawmut's motion for summary CT Page 2852 judgment is hereby granted.
Leuba, J.