[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OF THIRD PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The issue raised in this motion for summary judgment is whether a purported save harmless clause in a lease between the third party plaintiff and third party defendant is absolute, or conditional requiring evidence.
Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book Sec. 384; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11
(1983). The party seeking summary judgment has the burden of showing the non-existence of any genuinely disputed material facts. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434
(1980). A party opposing summary judgment must substantiate its adverse claim by presenting evidence that demonstrates the existence of a genuine issue of material fact. Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984). The facts presented must be viewed in the light most favorable to the non-moving party. Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317 (1984); see Nolan v. Borkowski, 206 Conn. 495, CT Page 1731 506-07 (1988); Rawlings v. New Haven, 206 Conn. 100, 104 (1988).
The third parties do not dispute that the named plaintiff, Elaine B. Andrzejewski, fell on the common walkway at Berlin Webster Mill Plaza, owned by the third party plaintiff, Berlin Webster Mill partnership. The named defendant filed a third-party complaint against the third-party defendant, Melissa Doran Aiudi, a tenant of the shopping plaza. Berlin Webster Mill alleges that the plaintiff fell on the sidewalk in front of the shop leased by Aiudi, and claims that Aiudi is obligated by her lease to indemnify it for the damages claimed in the plaintiff's complaint. The third party defendant moves for summary judgment charging that the least does not, as a matter of law, require indemnification from the tenant to the lessor.
The dispute centers on paragraph 24(a) of the lease which states:
 "(a) Tenant shall indemnify Landlord and save it harmless from suits, actions, damages, liability and expense in connection with loss of life, bodily or personal injury or property damage arising from or out of the use or occupancy of the premises or any part thereof, or occasioned wholly, or in part by any act or omission of Tenant, its agents, contractors, employees, servants, invitees, licensees or concessionaires including common areas and facilities within the Building."
The third party plaintiff counters that this language creates an absolute save harmless clause. This court disagrees.
The language of paragraph 24(a) of the lease creates a save harmless clause which is conditional upon several factors. First, liability depends upon whether the injury arose "from or out of the use or occupancy of the Premises or any part thereof." Secondly, paragraph 24(a) provides indemnification for the Landlord if injury or damage was "occasioned wholly or in part by any act or omission of Tenant."
Because negligence of the third party defendant requires evidence, questions of fact remain.
Accordingly, the third-party defendant's motion for summary judgment is denied.
SO ORDERED:
ARTHUR L. SPADA, J. CT Page 1732