[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION FOR SUMMARY JUDGMENT
ISSUE
Whether the plaintiff's motion for summary judgment against defendant Jaye Unikewicz should be granted.
FACTS
On September 20, 1990, the plaintiff, Middlesex Memorial Hospital, filed a small claims action against Jaye and Robert Unikewicz seeking payment for medical services rendered.
On October 26, 1990, Jaye Unikewicz (responding under the name "Jaye Unikewicz Halberg") filed an answer to the small claims matter which alleges that her former husband is legally liable for the full amount of the debt pursuant to a divorce judgment. Also on October 26, 1990, Jaye Unikewicz filed a motion to transfer the matter from the small claims docket to the regular docket of the Superior Court for the Judicial District of Middlesex at Middletown.
This motion was granted by Magistrate Ertman and the case was transferred to the regular docket on December 6, 1990. CT Page 4235
On April 1, 1992, the plaintiff filed a motion for summary judgment against Jaye Unikewicz only. The pleadings are closed. The plaintiff has appended a memorandum of law, an affidavit of debt, an affidavit of interest, an affidavit of attorney's fees, a bill of costs, a copy of the fee agreement between it and Jaye Unikewicz and a copy of the charges posted to Jaye Unikewicz's account to its memorandum. The defendant has neither filed an objection to the motion nor a memorandum in opposition nor submitted any appropriate documentation nor appeared at oral argument to contest the motion.
DISCUSSION
 "`Practice book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990) (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47 (citations omitted). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984) (citations omitted). "`The test is whether a party would be entitled to a directed verdict on the same facts.' Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982)." Connell v. Colwell, supra, 247.
 "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate CT Page 4236 its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence such an issue. Practice Book Secs. 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257
(1984)]."
Connell v. Colwell, supra, 246, quoting Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982).
The plaintiff has met its burden of proving the nonexistence of any genuine issue of material fact, particularly in view of the failure of Jaye Unikewicz to substantiate her adverse claim. The plaintiff is entitled to judgment as a matter of law.
The plaintiff's motion for summary judgment against Jaye Unikewicz is granted.
AUSTIN, J.