[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION FOR SUMMARY JUDGMENT (#103)
ISSUE
Whether the court should grant the plaintiff's motion for summary judgment because there are no genuine issues of material fact and the plaintiff is entitled to judgment as a matter of law.
FACTS
The following facts are alleged in the complaint. On or about July 26, 1991 and dates thereafter, the plaintiff, Antonio J. Vanacore, dba AVAN Tobacco Candy, delivered certain goods purchased by the co-defendant O'Toole Enterprises, Inc., dba Mini Market-Deli-Bakery of Durham ("O'Toole"). O'Toole incurred charges of $12,074.52 for these goods. O'Toole has CT Page 6067 failed to pay for these goods despite demand.
On December 30, 1990, co-defendant John Rao entered into a agreement with the plaintiff guaranteeing payment of all amounts due to AVAN Tobacco Candy from O'Toole. Rao has failed to pay for these goods despite demand.
The defendants admit all of the allegations of the complaint and allege in their answer that they have made partial payment of the amount due to the plaintiff.
The pleadings are closed. The plaintiff has appended a memorandum of law and an affidavit of debt to his motion. The defendants have not filed an objection, a memorandum or any documentation in opposition to the motion for summary judgment.
DISCUSSION
 "`Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990) (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47 (citations omitted). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984) (citation omitted).
 "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]."
CT Page 6068
. . . .
 . . . . [I]t remains, nevertheless, incumbent upon the party opposing summary judgment to establish as a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. Multi-Service Contractors, Inc. v. Vernon, 193 Conn. 446, 452, 477 A.2d 653 (1984).
Connell v. Colwell, supra 246, 251, quoting Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982).
Because the defendants have failed to file any sort of documentation in opposition to the motion for summary judgment which tends to prove their allegation of partial payment, the defendants have failed to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists.
CONCLUSION
The court grants the plaintiff's motion for summary judgment because there are no genuine issues of material fact and the plaintiff is entitled to judgment as a matter of law. The court renders judgment in the amount of $12,453.52, which is comprised of $10,764.12, as set forth in the affidavit of debt dated April 14, 1992, costs of $189.40 and attorney's fees, allowed under the terms of the guaranty agreement, of $1,500.00.
AUSTIN, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk