[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#107)
This action arises out of a dispute over an insurance policy issued to the plaintiffs, Alan E. Goldstein and Faith E. Goldstein, by the defendant, Allstate Insurance Company. This action was brought by a two count complaint, dated November 21, 1991.
In count one, the plaintiffs allege that on or about October 12, 1989, the defendant issued a policy insuring the plaintiffs against loss or damage sustained by the theft of personal property during the term of the policy. The plaintiffs allege that on or about August 10, 1990, when the policy was in effect, personal property in the amount of $8,917.00 was stolen.
The plaintiffs claim that despite providing the defendant due notice and proof of the loss in accordance with the terms of the policy, the defendants have not paid the plaintiffs' claim under the policy.
In count two, the plaintiffs alleged that the defendant was negligent and careless in issuing the policy. The plaintiffs claim that prior to October 12, 1989, the plaintiffs CT Page 5668 contacted the defendant's agent in regards to acquiring a homeowners policy. The plaintiffs allege that the defendant's agent was informed that they wished the "same coverage" as they had under their existing policy. The plaintiffs claim that under their existing policy they had coverage against theft of various items of jewelry and equipment at replacement value. The plaintiffs allege that instead the same coverage, the defendant issued a policy which it now claims has a limit of $1,000.00.
The plaintiffs allege that the defendant was negligent by failing to properly review the plaintiffs prior policy coverage, by failing to issue a policy providing the plaintiff with coverage requested and by failing to disclose to the plaintiffs the coverage to be provided in the new policy.
The defendant filed a motion for summary judgment dated January 6, 1993. The court, Arena, J., granted the defendant permission to proceed with a motion for summary judgment on February 3, 1993, pursuant to Practice Book Sec. 379. Accompanying the defendant's memorandum in support of the motion for summary judgment was an affidavit of the claim manager for Allstate, Myron Gapski, a certified copy of an Allstate Deluxe Homeowners Policy, and a certified copy of the Allstate policy issued to the plaintiffs.
The plaintiffs filed a memorandum in opposition dated February 26, 1993. Accompanying the plaintiffs' memorandum was an affidavit of Faith Goldstein, a schedule of personal property filed with the Middlesex Insurance Company, and a State of Connecticut, Department of Public Safety, State Police report concerning the theft occurring on August 10, 1990.
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations omitted.) Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984). CT Page 5669
 "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book Secs. 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. . . .: Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts."
Connell v. Colwell, supra, 246-47, quoting Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982).
As a preliminary matter, the plaintiffs have conceded that summary judgment should be granted as to count one because such a claim is barred by the one-year provision of the policy and by General Statutes Sec. 38a-307. Therefore, summary judgment is entered as to count one.
As to the second count, the defendant argues that the plaintiffs did not review their policy and coverage when the policy was issued to them. The defendant argues that it was the plaintiffs duty to read the policy and seek whatever additional coverage they wished to have. The defendant argues that an insured's failure to read a policy when issued, precludes recovery in negligence where the insured makes a request for the "same type of coverage" as the previous policy yet fails to read the policy when issued to them to confirm the policy.
The plaintiffs argue that they were affirmatively told by the defendant's agent they were receiving the "same coverage" they had under their existing policy. The plaintiffs argue that the defendant is in the business of taking applications, and issuing policies, and it constantly advertised that its customers were in "good hands." The plaintiffs argue that their failure to read the policy was reasonable given their reliance on the defendant's agent assurances. CT Page 5670 Finally, the plaintiffs argue that even if they were negligent to some degree, such contributory negligence does not bar recovery under the provisions of Sec. 52-572.
 The general rule is that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to ready it and notice of its contents will be imputed to him if he negligently fails to do so; but this rule is subject to qualifications, including intervention of fraud or artifice, or mistake not due to negligence, and applies only if nothing has been said or done to mislead the person sought to be charged or to put a man of reasonable business prudence off his guard in the matter. Ursini v. Goldman, 118 Conn. 554, 562; see Batter Building Materials Co. v. Kirschner, 142 Conn. 1, 7.
Corona v. Esposito, 4 Conn. Cir. 296, 301-02, 230 A.2d 624 (1966); See also G R Tire Distributors, Inc. v. Allstate Ins. Co., 177 Conn. 58, 61-62, 411 A.2d 31 (1979).
The defendant has failed to carry its burden of showing the nonexistence of any material issue. The plaintiffs have provided an affidavit of Faith E. Goldstein stating that she and her husband, Alan E. Goldstein, relied on certain representations made by the defendant's agent. Specifically, Goldstein's affidavit states that at the time of their application and upon the receipt of their policy, the defendant's agent told the plaintiffs that they were receiving the same coverage that they had under their prior insurance policy. Goldstein states that in reliance on the assurances of the defendant's agent, neither she nor her husband read through the actual policy issued to them.
While the general rule is that it is the plaintiffs' duty to read the policy, this rule only applies if nothing has been said or done to mislead the person sought to be charged. Corona, supra, 301. In viewing the evidence in a light most favorable to the plaintiff, it appears that the defendant's agent may have said something to mislead the plaintiffs in CT Page 5671 such a manner so as to excuse their duty to read the policy. The defendant has provided no evidence suggesting that such a representation was not made. Therefore, there is an issue of fact as to whether the defendant's agent may have mislead the plaintiffs in such a manner so as to have them reasonably believe that the new policy issued provided the same coverage as their old policy.
The court denies the defendant's motion for summary judgment as to count two.
It is so ordered.
HIGGINS, J.