[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiffs in this case are former residents and tenants of defendant's mobile home park. As a result of the defendant's decision to close the park the Connecticut Legislature enacted P.A. 91-203, codified as General Statutes § 21-70(a). In part that statute requires the defendant to pay each plaintiff up to $4,000 as costs of their relocation to another mobile home site. The question presented in this case is whether the legislatively mandated reimbursement of relocation costs constitutes an unconstitutional taking of the defendant's property.
The underlying facts of this case are not disputed. The plaintiffs were residents of the defendant's mobile home park in the town of Berlin. Each plaintiff owned her mobile home, but rented the space in the park where the home was located. On March 15, 1991, the defendant, acting pursuant to General Statutes § 21-80(a)(3), notified the plaintiffs in writing that the park would be closed on July 31, 1992. That notice was subsequently reaffirmed by another written notice dated June 15, 1992.
On June 7, 1991, Public Act 91-203 was passed, and became effective upon passage. Sections 1 and 2 of the Act are codified as General Statutes § 21-70a(a). It provides:
 Displacement of residents due to change in land use. Relocation expenses and compensatory payments. Notice of closing of park, requirements.
(a) A mobile manufactured home park resident who owns his mobile manufactured home and is required to remove the home from the park because of a change in use of the land on which said mobile manufactured home is located shall be entitled to CT Page 6132 receive from the mobile manufactured home park owner (1) relocation expenses to a mobile manufactured home park satisfactory to the resident within twenty miles of the existing park site up to a maximum of four thousand dollars or (2) in the event a satisfactory site is not available onto which the mobile manufactured home may be relocated, the sum of four thousand dollars.
The plaintiffs have moved for summary judgment.[1] The defendant objects based on his special defense which alleges that requiring him to reimburse the plaintiffs for their relocation expenses constitutes a taking of his property in violation of his constitutional right to due process of law. The standard for evaluating a motion for summary judgment is well established.
Summary judgment shall be rendered if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact.Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). The court must view the evidence in the light most favorable to the nonmovant. D.H.R. ConstructionCo. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 F (1980). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Telesco v. Telesco,187 Conn. 175, 718, 447 A.2d 752 (1982). Nolan v. Borkowski,206 Conn. 495, 500 (1988).
Simply to assert the presence of an issue of fact is not sufficient to justify the denial of a motion for summary judgment:
 Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. [Citations omitted]. It is not enough however, for the opposing party merely to assert the existence of such a disputed issue. CT Page 6133
Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984) (emphasis added).
The Takings Clause of the Fifth Amendment provides: "[N] or shall private property be taken for public use, without just compensation." The Fifth Amendment is made applicable to the States through the Fourteenth Amendment Due Process Clause. Penn Central Transportation Company v. City of NewYork, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978). Most of the Supreme Court cases "interpreting the Clause fall within two distinct classes. Where the government authorizes a physical occupation (or actually takes title), the Takings Clause generally requires compensation. But where the government merely regulates the use of property, compensation is required only if considerations such as the purpose of the regulation or the extent to which it deprives the owner of the economic use of the property suggest that the regulation has unfairly singled out the property owner to bear a burden that should be borne by the public as a whole." Yee v. Escondido,503 U.S. 519, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992).
The defendant concedes that General Statutes § 21-70(a) does not effect a physical occupation of his property. Rather, he argues that it constitutes a regulatory taking. "[W]hether an economic regulation violates the takings clause depends on the particular circumstances in that case and a balancing of the law's public purpose against the extent to which it diminishes the value of private property." Eamiellov. Liberty Mobile Home Sales, Inc., 208 Conn. 620, 646 (1988) (cites omitted). This analysis "necessarily entails complex factual assessments of the purpose and economic effects of government action." Yee v. Escondido, supra,118 L.Ed.2d 162.
The Supreme Court has not established a "set formula for determining when `justice and fairness' require that economic injuries caused by public action be compensated by the government . . . Rather, it has examined the taking question by engaging in essentially ad hoc, factual inquiries that have identified several factors — such as the economic impact of the regulation, its interference with reasonable investment backed expectations, and the character of the government action — that have particular significance. Gibbs v.Southeastern Inv. Corp. , 705 F. Sup. 738, 741 (D.Conn. 1989), quoting Kaiser Aetna v. United States, 444 U.S. 164, 175, 100 CT Page 6134 S.Ct. 383, 390, 62 L.Ed.2d 332 (1979).
While a regulatory takings analysis is essentially "an ad hoc factual inquiry"; Gibbs v. Southeastern Inv. Corp. , supra; the Supreme Court "has consistently affirmed that States have broad power to regulate housing conditions in general and the landlord-tenant relationship in particular without paying compensation for all economic injuries that such regulation entails. When a landowner decides to rent his land to tenants, the government may place ceilings on the rents the landowner can charge or require the landowner to accept tenants he does not like." Yee v. Escondido, supra, 166 (internal quotations and citations omitted).
Because this court will be required to undertake a factual inquiry involving a consideration of the factors described in Gibbs v. Southeastern Investment, supra; summary judgment is not an appropriate mechanism for resolving the claims in this case. Strada v. Connecticut Newspapers, Inc.,193 Conn. 313 (1984).[2]
Accordingly, plaintiff's motion for summary judgment is denied.
SO ORDERED.
Holzberg, J.