[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PARTIES' MOTION FOR SUMMARY JUDGMENT
The parties in this matter have filed cross motions for summary judgment. The plaintiff's motion for summary judgment is dated January 31, 1996, with supporting memorandum, affidavits and documents. The defendants Richard LoRicco, Vincent Celentano, and Stanley Bergman, Trustee filed a motion for summary judgment dated May 15, 1996. with supporting memorandum affidavit and documents. Their accompanying memorandum also functioned as a memorandum in opposition to the plaintiff's motion for summary judgment. On July 31, 1996, the plaintiff filed its memorandum in opposition to the defendants' motion for summary judgment. The defendants' motion for summary judgment challenges the constitutionality of Connecticut Public Act 95-187 section 27. The State of Connecticut sought and received amicus status. It has filed a brief and argued in support of the constitutionality of that public act and, therefore, essentially in opposition to the defendants' motion for summary judgment. On May 24, 1996, the defendants Lucille Marie LoRicco and Thomas LoRicco filed a motion for summary judgment. It supported the co-defendants' motion and raised additional grounds for the granting of the motion. The plaintiff filed a memorandum in opposition of CT Page 6417-L September 12, 1996.
Therefore, before this court are three motions for summary judgment:
(1) plaintiff's,
(2) defendants' Richard LoRicco, Vincent Celantano and Stanley Bergman, Trustee, and
(3) defendants' Thomas LoRicco and Lucille Marie LoRicco.
Factual Summary
Certain facts have been submitted to the court as undisputed by the parties and they are referred too herein as needed and do not need to be re-recited verbatim.
Certain other facts that are undisputed will be considered, as needed, in the context of each of the parties' respective motions for summary judgment.
 I.
Plaintiff's Motion for Summary Judgment CT Page 6417-M
The plaintiff, Village Condominium Association initiated this action seeking a declaratory judgment 1) as to whether the plaintiff is bound by the ground lease referenced above, 2) as to what the rights and responsibilities of the parties are regarding that ground lease, and 3) declaring the ground lease unconscionable.
The plaintiff's pending motion for summary judgment requests ". . . that the Court enter a Summary Judgment as to liability under Conn. Gen. Stat. sec. 47-210(d). In its memorandum it goes on to specifically request that judgment constitute a declaration that the ". . . offending lease provisions [be found] unconscionable and hold a hearing to determine the manner in which the contract should be reformed."
Connecticut General Statutes section 47-210(d) is the codification of Public Act 95-187 sec. 27(d). It provides:
A lease entered into prior to January 1, 1984, pertaining to use of land or facilities by unit owners in a residential common interest community, is presumed to be unconscionable if: (1) the lease by its terms requires the lessee to pay an annual rental and other expenses that exceed fifteen per cent of the appraised value of the leased property as improved, provided for the CT Page 6417-N purposes of his subdivision, "annual rental and other expenses" means the amount paid by the lessee during the twelve months immediately preceding the filing of an action under this section as rent and or real estate taxes, insurance, capital improvements and other expenses required to maintain the property under the lease terms, and "appraised value" means the appraised value placed upon the leased property by a licensed or certified real estate appraiser on a date during the twelve months immediately preceding the filing of an action under this section, and (2) seven of the following eight elements exist:
(A) the lease has executed by persons none of whom at the time of the execution of the lease were elected by unit owners, other than the declarant;
(B) the lease requires either the association or the unit owners to pay all real estate taxes on the subject real property:
(C) the lease requires either the association or the unit owners to insure buildings or other facilities on the subject real property against fire or any other hazard;
(D) the lease requires either the association or the unit owners to perform some or all maintenance obligations pertaining to the subject real property or facilities located upon the CT Page 6417-O subject real property:
(E) the lease requires either the association or the unit owners to pay rents to the lessor for a period of twenty-one years or more;
(F) the lease provides that failure of the lessee to make payments of rents due under the lease creates, establishes or permits establishment of a lien upon individual units to secure claims for rent;
(G) the lease provides for a periodic rental increase based upon reference to a price index; and
(H) the lease or other common interest community documents require that any transferee of a unit must assume obligations under the lease.
Summary judgment shall be granted when there exists no genuine issue of any material fact and the party claiming summary judgment is entitled to it as a matter of law. Daily v. NewBritain Machine Co., 200 Conn. 562, 568 (1986). Further, the court must construe material facts in favor of the parties opposing summary judgment. D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434 (1980). CT Page 6417-P
The court first examines the plaintiff's claim that it has satisfied the criteria of Conn. Gen. Stat section 47-210d. Here plaintiff argues that it has established, without genuine rebuttal from the defendants, all of the elements of Public Act 95-187 section 27(d). Plaintiff argues that since this public act creates a rebuttable presumption, that if defendants have presented nothing to the contrary, plaintiff is entitled to judgment as a matter of law. In support of the first part of the statutory test, the plaintiff provides the affidavit of Florence Schmitt, treasurer of the plaintiff association which asserts that for the period of October 1, 1994 to October 1, 1995 the financial burden that fell to the association or unit owners for the items listed in the statute totalled $118,175.23. It further provided an appraisal of the village condominium land, valued as of January 1, 1995, indicating a value of $225,000 for the fee simple interest in the land.
The defendants in assertion of a genuine issue of material fact as to this matter provides an affidavit of Richard A. LoRicco, an affidavit of Vincent Celentano, appraisal, condominium unit sales history and the assessor's card for the subject property. As to this issue, the appraisal, from Norman Benedict Associates is unhelpful: it is from 1973, predating this litigation over 20 years. (The court is aware that this was not CT Page 6417-Q necessarily the purpose of the offer of this appraisal; however, since it touched issues of valuation, it was prudent to at least consider whether it applied in this context.)
The Assessor's Card discloses that the 70% assessment on the 3.5 acres of land at issue is $459,370 (full value of $656,250). However, the appraisal of plaintiff, by Marc P. Nadeau, at page 31, discloses that that is a 1991 value. The court is aware that decennial valuation has been statutorily required. Unrebutted in the plaintiff's summary judgment motion is the assertion that the Town assessment is as of 1991. This renders the Town assessment too distant in time to have meaning to the valuation at issue for the period of October 1, 1994 to October 1, 1995.
Fifteen percent of $225,000 is $33,750.00. The court finds that there is no material factual issue as to the $225,000 value to the land for the period in issue, and, that the statutorily listed expenses as expressed in the Schmitt affidavit, unrebutted, exceed fifteen percent of that value for the period at issue.
Therefore, the court goes on to consider whether or not there is a material fact as to whether the second half of the statutory test has been met to satisfy the presumption sought by the plaintiffs. CT Page 6417-R
Based upon the information before the court by way of supporting documentation, it is found that there is no material factual issue before the court as to the following:
1. the lease was executed by persons none of whom at the time of the execution of the ground lease were elected by unit owners, other that the declarant;
2. the ground lease requires the unit owners to pay (and the association to act as a `collection agent' of sorts) all of the real estate taxes for the real property at the premises;
3. the ground lease requires the unit owners to insure their respective buildings against hazards;
4. the ground lease burdens the unit owners with maintenance of the buildings and the real property;
5. the period is which rents are required to be paid by unit owners under the ground lease is 99 years after its execution, far in excess of 21 years;
6. the ground lease provides, that in the event a unit owner does not pay its rent, a lien is permitted on the unit to secure CT Page 6417-S the rent claim;
7. the ground lease provides for the periodic increase in the rent based on the Consumer Price Index (United States-All Items) as published by the Bureau of Labor Statistics of the United States Department of Labor; and
8. the documents creating the common interest ownership community at issue here require that the transferee of a unit assumes obligations under the lease attributable to that unit.
As to these facts there is no material dispute. Therefore, for purposes of this action, the court finds that pursuant toConnecticut General Statutes section 47-210(d), the ground lease at issue here is presumed to be unconscionable.
Plaintiff argues at this juncture that this presumption has not been challenged in any material way through the counter-affidavits and other supporting documentation appended to the defendants' memorandum in opposition. Defendants argue that their affidavits introduce factual issues as to the commercial reasonableness of the lease and therefore summary judgment for CT Page 6417-T the plaintiff should be denied.
"Generally speaking, summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial. (Citations omitted.) It is, however, apt to be ill adapted to cases of a complex nature or to those involving a trial." (Citations omitted.) United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 375.
The court finds that the presumption of unconscionability created by meeting the statutory criteria should not work to deprive the defendants of their opportunity to overcome the presumption and prove the commercial reasonableness of the ground lease. This is a complex issue in which not only the statutory circumstances but all those surrounding the transaction must be considered. The court notes that in the legislative history, there was no intent to deprive persons situated in the place of the defendants of their day in court.
"Rep. RADCLIFFE: . . . If a court is to apply this retrospectively, are we in essence rendering a directed verdict for the plaintiff in this case? . . . .
Rep. LAWLOR: . . . . no we are not. CT Page 6417-U
Rep. RADCLIFFE: . . . . Why not, if we have written this to allow for a standard of unconscionability which on the facts of that case could be clearly established? . . . .
Rep. LAWLOR: In no way would a court be obligated to invalidate or rewrite a lease. We are only establishing a presumption. We assume that they would inquire, for example, the landlord as to the reasons and the circumstances surrounding the initial lease and act appropriately.
Rep. RADCLIFFE: . . . . If a landlord had made full disclosure at the time this lease has entered into to all parties, if that disclosure had been acknowledged by the parties, if the parties had then borrowed money from a lending institution . . . would that evidence be considered by a court on the issue of whether or not the presumption had been overcome.
Rep. LAWLOR: . . . . Yes." (See legislative history appended to the parties memoranda.)
The court notes that the affidavit of Richard LoRicco asserts the following unrebutted facts; New Haven Savings Bank lent money to most of the purchasers of the units; the market value of the units for their original sale was determined pursuant to an CT Page 6417-V appraisal commissioned by the developers; the ground lease was referenced in every original unit owner's deed and contract in a conspicuous way; one original purchaser, Corrine Masterson received a copy of the ground lease, but she could not recall if it was at or before closing; a purchaser, Frederick A. Basserman was aware of the ground lease and believed he knew it was a 99 year lease prior to closing. (He received the document at closing).
These facts leave the court to conclude that as a matter of both fact and law there are material issues as to the conscionability of the ground lease. Further, after reviewing the legislative history of the Public Act in question, the court notes that the issues before this court involve important public issues which deserve full hearing at trial. This is particularly the case in light of the defendants' constitutional challenges to the Public Act, both on its face and as applied to the facts of this case.
The plaintiff's motion for summary judgment is denied.
 II.
Defendants Richard LoRicco, Vincent Celantano and Stanley Bergman, Trustee's Motion for summary Judgment. CT Page 6417-W
These defendants, is their Motion for Summary Judgment dated May 15, 1996, argue that they are entitled too summary judgment. They assert that Public Act 95-187 section 27, the sole count or basis of the plaintiff's cause of action, is unconstitutional and therefore the plaintiff's cause must fail. Their claims of unconstitutionality are:
(1) the public act violates their federal and state due process rights;
(2) the public act violates the Connecticut constitution judicial powers clause;
(3) the public act violates Article 1, section 1 or the Connecticut constitution regarding public emolument or privilege;
(4) the public act violates the federal contracts clause (U.S. Constitution article I, section 10); and
(5) the public act violates federal and state equal protection clauses by its classification of pre-1984 leases.
The question is whether under the facts of this case, the legislation, or any portion thereof, is unconstitutional for any CT Page 6417-X of the reasons raised by the defendants. State v. Cuvelier,175 Conn. 100, 112 (1978). Inasmuch as there remain material issues of fact (as acknowledged by these defendants in ther memorandum in opposition to the plaintiff's motion for summary judgment), the constitutionality issues are not ripe at this time. The motion for summary judgment is denied.
 III.
Defendants Lucille Marie LoRicco and Thomas LoRicco's Motion for
Summary Judgment
The defendants Lucille Marie LoRicco and Thomas LoRicco have filed a motion of summary judgment, dated May 24, 1996, which raises issues which are not appropriate for consideration under a motion for summary judgment. Essentially, each of these defendants claim that there has been a misjoinder of them as parties to this action. A misjoinder shall not act to defeat an action and other appropriate motion should be filed. ConnecticutPractice Book section 100. Further, to the extent that the motion expresses that the mortgagees of the unit owners should be made parties, summary judgment is not the appropriate vehicle to accomplish this end. Connecticut Practice Book section 99.
Finally, these defendants join in their co-defendants' CT Page 6417-Y motion for summary judgment based on constitutional grounds and, further argue that the statute is unconstitutional because they aver it has improper retroactive application. As the issues raised by the co-defendants are inappropriate to dispose of where there are still material issues in dispute and a record not yet fully developed, so is the case with this claim as well.
The motion for summary judgment is denied.
Munro, J.