D.H.R. CONSTRUCTION COMPANY, INC. *v.* THOMAS J. DONNELLY ET AL.

LOISELLE, BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued February 14—decision released April 29, 1980

*Lester Katz,* for the appellant (plaintiff).

*Richard F. Banbury,* with whom, on the brief, was *Elliott B. Pollack,* for the appellee (defendant Raffaela R. Donnelly).

BOGDANSKI, J.  The plaintiff instituted an action on a note against the defendants Thomas J. Donnelly and Charles Regulbuto.  In a second count the plaintiff alleged that while the defendant Thomas J. Donnelly was indebted to the plaintiff, he "caused to be conveyed" to the defendant Raffaela R. Donnelly (hereinafter Raffaela) certain real property located at 1400 Main Street, South Windsor, without consideration and with the intent to avoid his debts. On May 9, 1978, a judgment in the amount of $14,168 was entered for the plaintiff against Thomas Donnelly and Charles Regulbuto on the first count.  On December 18, 1978, the trial court granted Raffaela's motion for summary judgment as to the second count on the ground that Thomas Donnelly "did not

own the property and did not transfer it to Raffaela." From the summary judgment rendered, the plaintiff has appealed.

On appeal, the plaintiff contends that: (1) the affidavits submitted by the defendant Raffaela in support of the motion for summary judgment do not negate the existence of all issues of material fact; and (2) summary judgment is inappropriate in cases involving a claim of fraudulent conveyance.

In its affidavits and other documents, the plaintiff alleged that Thomas was indebted to the plaintiff in the amount of $18,000 at the time he made a gift to his wife of $30,000 which he had recently borrowed from a business associate; that he made this gift to Raffaela for the purpose of buying the 1400 Main Street property and constructing a house thereon; that title was put in Raffaela's name alone because Thomas wanted it that way; that Thomas co-signed a mortgage note for $50,000 on the Main Street property; that he was paying $523 monthly on the mortgage; and that he was making monthly payments of $249.08 for taxes and $66.67 for insurance on the mortgaged property.

As already noted, the plaintiff in its complaint alleged that Thomas "caused to be conveyed" the Main Street property to his wife, Raffaela. While Raffaela does claim that the property in question was not conveyed to her by Thomas, the plaintiff maintains that she has not met the issue of whether Thomas caused the property to be conveyed to her.

Section 52-552 of the General Statutes provides that "[a]ll fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to

others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only . . . to whom such debt or duty belongs." The terms of this statute are broad enough to include every transaction by which creditors may be defrauded; it is not the nature or form of the transaction but the presence of fraud which brings a case within the prohibition of the statute. Within the purview of the Uniform Fraudulent Conveyance Act, moreover, the term conveyance by definition includes every payment of money, assignment, release, transfer, lease, mortgage, or pledge of tangible or intangible property, and also the creation of any lien or encumbrance.[1]

We conclude that there is no inherent difference between the act of a debtor conveying his property to another without consideration and that of a debtor causing the title to the property purchased to be placed in the name of another, where the object of such transfer is to hinder, delay, or defraud creditors. When a spouse purchases land or other property under the circumstances as alleged in this case, the burden is on the purchasing

---

[1] The Uniform Fraudulent Conveyance Act (UFCA) was approved in 1918 by the National Conference of Commissioners on Uniform State Laws and has been adopted in twenty-five states. See 7A Uniform Laws Annot. (Master Ed. 1978). Connecticut has not adopted the UFCA. The UFCA, however, may be said to be a restatement of the Statute of 13 Elizabeth; *Dorrington* v. *Jacobs,* 213 Wis. 521, 252 N.W. 307 (1934); which statute is declaratory of existing principles of common law with regard to fraudulent conveyances. *United States* v. *Bess,* 243 F.2d 675 (3d Cir. 1957), aff'd, 357 U.S. 51, 78 S. Ct. 1054, 2 L. Ed. 2d 1135 (1958). Since Connecticut's statute against fraudulent conveyances has been substantially copied from the Statute of 13 Elizabeth and is to be similarly construed; *Benton* v. *Jones,* 8 Conn. 186, 189 (1830); the UFCA and cases decided thereunder are persuasive in determining the reach of § 52-552 of the General Statutes.

spouse to show that the funds were not furnished by the debtor spouse. Only to the extent that the purchase price was provided by the defendant Raffaela is her claim upon the subject property protected against her husband's creditors. See *Homeland Building Co.* v. *Reynolds,* 49 Cal. App. 2d 176, 121 P.2d 59 (1942); *Richardson* v. *Pierce,* 105 Va. 628, 54 S.E. 480 (1906).

In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. "The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." 6 Moore, Federal Practice (2d Ed.) ¶ 56.15 [3]; *Plouffe* v. *New York, N.H. & H. R. Co.,* 160 Conn. 482, 488, 280 A.2d 359 (1971). As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. *Evans Products Co.* v. *Clinton Building Supply, Inc.,* 174 Conn. 512, 516, 391 A.2d 157 (1978).

Because the supporting affidavits of the defendant Raffaela fail to show that there are no genuine issues of fact, the factual issues alleged and contested in the pleadings remain unresolved. The court, therefore, erred in granting summary judgment.

There is error, the judgment is set aside and the case remanded for further proceedings according to law.

In this opinion the other judges concurred.