[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 21, 1991, the plaintiff, Raymond R. Carlson, as the Administrator of the estate of Paul Carlson (hereinafter the "decedent"), filed a one-count second revised amended complaint pursuant to General Statutes 52-555. The plaintiff names Beatrice Weingarten and the Administrator of the estate Melitta Loew, Ronald Fick, as defendants. In his complaint, the plaintiff alleges that the defendants owned a single-family dwelling in which the decedent resided as a tenant. The plaintiff alleges that on or about March 11, 1989, while the plaintiff's decedent was occupying the premises, a fire broke out in the house due to an improperly installed wood stove which caused the plaintiff's decedent to be trapped and suffer smoke inhalation and first and second degree burns resulting in his death. The plaintiff alleges the decedent's death was caused by the defendants' negligence in that: 1) they failed to keep the premises in a fit and habitable condition in violation of several provisions of General Statutes 47a-7; 2) they violated several provisions of the Connecticut Fire Safety Code; 3) as landlords, they failed to use reasonable care in maintaining said premises, including the failure to provide a smoke detector and or the CT Page 8662 failure of the landlord to warn the lessees and visitors of the premises about the absence of smoke detectors; 4) they provided said house to the lessee, despite the fact that it contained dangerous and defective conditions; 5) they failed to inspect said house as reasonable care required; and 6) they allowed tenants to reside in uninhabitable premises which did not have central heating and allowed for the improper installation of a wood stove to be used in place of central heating.
The defendants filed an amended answer and three special defenses. In their first special defense, the defendants allege that the plaintiff's complaint fails to state a claim upon which relief may be granted. In their second special defense, the defendants allege that any injuries sustained by the plaintiff's decedent were proximately caused by his own negligence. The third special defense is asserted by defendant Fick only, in which he alleges that the plaintiff's action is barred by the applicable statute of limitations.
The defendants filed a motion for summary judgment on March 19, 1993. The defendants filed an accompanying memorandum of law in support of their motion in which they assert that there exist no genuine issues of material fact and they are entitled to judgment as a matter of law because: 1) the fire code cited by the plaintiff has been repealed and the new fire code does not apply to the instant case; 2) General Statutes 47a-7 does not provide a private remedy; 3) the plaintiffs cannot base a negligence claim on the violation of the provisions of General Statutes 47a-7 because there was no landlord/tenant relationship between the defendants and the decedent, and the type of harm is not the kind the statute is meant to protect against; and 4) the plaintiff's common law negligence claims are insufficient to state a cause of action because the common law imposes a minimal duty upon lessors to maintain demised premises. Along with their memorandum in support of their motion, the defendants submitted the affidavit of Beatrice Weingarten and several pages from an uncertified transcript of deposition testimony.
The plaintiff filed a memorandum of law in opposition to the defendants' motion for summary judgment on July 26, 1993. In his memorandum, the plaintiff concedes that the Connecticut Fire Code is not applicable and states that he will revise his complaint to delete references thereto. The plaintiff argues, CT Page 8663 in his memorandum, that the defendants' motion for summary judgment with respect to the other provisions of his complaint should be denied because there exists genuine issues of material fact.
DISCUSSION
A party is entitled to summary judgment if the pleadings, affidavits and other proof submitted show that there is no genuine issue of material fact and that, as a matter of law, the moving party is entitled to judgment. Practice Book 384. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The movant bears the burden of proving the nonexistence of an issue of material fact. Strada v. Connecticut Newspapers,193 Conn. 313, 317, 477 A.2d 1005 (1984). The court must view the evidence in the light most favorable to the nonmovant. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to, affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380.
 a. The defendants duty to maintain the premises pursuant to General Statutes 47a-7.
The plaintiff's first claim is based upon the defendants alleged violation of General Statutes 47a-7.
In order for the plaintiff to prevail on a negligence action based upon the violation of a statute, the following conditions must be met: "1) the plaintiff must be a member of the class protected by the statute; and 2) the injury must be of the type the statute was intended to prevent." Small v. South Norwalk Savings Bank, 205 Conn. 751, 760, 535 A.2d 1292
(1988), citing Wright v. Brown, 167 Conn. 464, 356 A.2d 176
(1975).
General Statutes 47a-7 sets out the responsibilities of a landlord to his tenant. Visco v. Cody, 16 Conn. App. 444,448, 547 A.2d 935 (1988). The relevant provisions of General Statutes 47a-7 are as follows:
 (a) A landlord shall . . . (2) make all repairs and do whatever is necessary to put and keep the CT Page 8664 premises in a fit and habitable condition, except where the premises are intentionally rendered unfit or uninhabitable by the tenant, a member of his family or other person on the premises with his consent, in which case such duty shall be the responsibility of the tenant; . . . (4) maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and other facilities and appliances and elevators, supplied or required to be supplied by him; (6) supply running water and, reasonable amounts of hot water at all times and reasonable heat except if the building which includes the dwelling unit is not required by law to be equipped for that purpose or if the dwelling unit is so constructed that heat or hot water is generated by an installation within the exclusive control of the tenant or supplied by a direct public utility connection. . . .
 (c) The landlord and tenant of a dwelling unit may agree that the tenant is to perform specified repairs, maintenance tasks, alterations or remodeling if (1) the agreement of the parties is entered into in good faith; (2) the agreement is in writing; (3) the work is not necessary to cure noncompliance with subdivisions (1) and (2) of subsection (a) of this section. . . .
General Statutes 47a-1 defines "tenant" as "the lessee, sublessee or person entitled under a rental agreement to occupy a dwelling unit or premises to the exclusion of others or as is otherwise defined by law." The defendants argue that as the plaintiff's decedent was not a tenant of the defendants, the plaintiff's decedent was not a member of the class that the statute was intended to protect. In support of their contention, the defendants submitted an affidavit of the defendant Beatrice Weingarten in which she states that: 1) she managed the property in question during all relevant times; 2) she entered into an oral lease with Gary Denker via the telephone; 3) she never received any rent from the decedent, nor did she agree to rent to him; 4) she never gave Gary Denker permission to install a wood stove; 5) Mr. Denker never complained about the heating, system; and 6) Mr. Denker CT Page 8665 knew the condition of the property before he moved in. The defendants also submitted excerpts from the deposition transcript of Gary Denker.
The plaintiff submitted excerpts from the deposition testimony of Gary Denker as well as excerpts from the deposition testimony of the defendant Weingarten. These excerpts are unauthenticated and uncertified, however, since both parties submitted deposition testimony in this manner without an objection from either side, the court will consider the excerpts in its decision.
The terms and conditions of the oral lease which existed between Mr. Denker and Ms. Weingarten are not before the court. Although the excerpts from the transcripts of the deposition testimony submitted by the parties purport to resolve the terms of the oral lease, the excerpts are piecemeal and conflicting. The determination of whether the plaintiff's decedent was a tenant of the defendants pursuant to General Statutes 47a-1 is a question of fact.
Furthermore, the terms and conditions of the oral lease, as well as the condition of the demised premises at the inception of the tenancy, are relevant to the determination of whether the defendant was required to maintain the heating system in the demised premises pursuant to General Statutes47a-7.
Finally, the defendants argue that the plaintiff cannot maintain a cause of action in negligence for the violation of General Statutes 47a-7 because the harm which occurred is not the type the statute was meant to prevent. The statute was enacted merely to delineate the rights and duties of landlord and tenant, the defendants argue, not to impose liability on a landlord for injuries which arise because a tenant, without the consent of the landlord, improperly installed a wood stove.
The defendants narrow interpretation of General Statutes47a-7 is erroneous. The statute, by its terms, requires a landlord to keep the heating system in "safe working order." General Statutes 47a-7(a)(4). See Torres v. Melody,7 CSCR 293 (February 13, 1992, Purtill, J.) (where the court denied a defendant's motion to strike a negligence action based upon the violation of General Statutes 47a-7). CT Page 8666
Because the complaint is in one count, the determination that there exists a genuine issue of material fact regarding the plaintiff's claim of negligence based upon the violation of General Statutes 47a-7 is dispositive of the defendants' motion for summary judgment. Therefore, the court need not address the defendants' argument regarding the plaintiff's common-law claim.
CONCLUSION
The court finds that there exists a genuine issue of material fact and, therefore, the motion for summary judgment must be denied.
Hurley, J.