[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
The defendants, Linde Gases of the Midwest, Inc., Linde Gases of the Great Lakes, Inc., Union Carbide Chemicals and Plastics Co., Inc., Union Carbide and Carbon Corp., Union Carbide Corp., and Union Carbide Industrial Services Co., Inc., have moved for summary judgment as to the claims of the plaintiff.
Plaintiff Steven L. Johnson alleges in his complaint that he was exposed to tungsten carbide-9 cobalt at his work place, which he identifies as Union Carbide Coatings Service Corporation, between July 20, 1981 and February 28, 1989, and that he contracted hard metal pulmonary disease as a result of this exposure. His spouse seeks damages for loss of consortium.
The plaintiffs allege that on or before February 28, 1989, defendants Union Carbide Corporation, Linde Gases of the Midwest, Inc., Linde Gases of the Great Lakes, Inc., Union Carbide Industrial Gases, Inc., Union Carbide Chemicals and Plastics Company, Inc., Union Carbide and Carbon Corporation, and Union Carbide industrial Services Co., Inc., manufactured and distributed tungsten carbide-9 cobalt for use by employees of Union Carbide Coatings Services Corporation.
The defendants claim CT Page 5003
 1. that the plaintiffs' claims are barred by the exclusivity provision of the Workmen's Compensation Act;
 2. that the plaintiffs' claims are barred by the statute of limitations set forth in § 52-577c(b) C.G.S.;
 3. that the defendants are not product sellers within the definition of that term in the products liability statute;
 4. that the claim for loss of consortium must fail along with the spouse's claim from which it is derived.
[I. Standard of decision]
Summary judgment shall be rendered if "the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law [Suarez v. Dickmont Plastics Corp.,]229 Conn. 99, 105 (1994); [D.H.R. Construction Co. v.Donnelly,] 180 Conn. 430, 434 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted). [Connell v.Colwell,] 214 Conn. 242, 246-47 (1990).
As the Connecticut Supreme Court has recently indicated in [Suarez v. Dickmont Plastics Corp.,] 229 Conn. 106-107, the fact that a movant invokes the worker's compensation bar to suit does not permit a trial court to resolve, in the context of a motion for summary judgment, conflicting evidence that bears on the issue whether the bar does or does not apply. As the Court observed in reversing the Appellate Court's affirmance of the granting of summary judgment, "[i]t is for the finder of fact, not the court on summary judgment, to determine what inferences to draw." [Suarez v.Dickmont Plastics Corp.,] 229 Conn. 99, 111, quoting [Golden v. Crown Zellerback Corp.,] 890 F.2d 195, 197
(9th Cir. 1989). CT Page 5004
[I. Discussion]
The defendants have presented this court with a copy of the certificate of incorporation of Union Carbide Coatings Service Corporation indicating incorporation in Delaware on October 26, 1988. The defendants have also presented the affidavit of an officer of Union Carbide Chemical and Plastics Company, Inc. who states that before October 26, 1988, Union Carbide Coatings Service was "an unincorporated business of Union Carbide Corporation." (Macdonald affidavit at para. 4).
The defendants acknowledge at page 3 of their memorandum in support of their motion that the plaintiff's worker's compensation benefits were collected not from Union Carbide Corporation but from "Coating Services". As the plaintiffs point out, they allege a health condition arose from Johnson's employment that caused him to leave his employment in February 1989. The defendants have not submitted affidavits or other materials which would entitle them to a directed verdict to the effect that the condition of which the plaintiff complains arose before Coating Services became a separate corporation.
Further, the defendants have offered no submission establishing to the point required for a directed verdict that Union Carbide Corporation was Johnson's employer within the meaning of § 31-284(a) C.G.S. at any time, and they have not offered evidence sufficient to entitle any one of them to a directed verdict on the basis that they were Johnson's statutory employer. The defendants take the position that the bar of § 31-284(a) C.G.S. applies only "to the extent that" the injuries of which the plaintiffs complain were caused prior to a transfer of assets to Union Carbide Coatings Service Corporation. The defendants' submissions do not in any way establish that the plaintiff's claimed injury [did] occur at a time when he was an employee of any of them. In the context of summary judgment, a movant must establish what the facts are and that there is no genuine dispute as to such material facts as the date of inception of the injury. Here, the movants have not established by their submissions that the claimed injuries arose while one of them was in fact Johnson's employer. Instead, the defendants ask the court to bar the plaintiffs' claim without such a showing on the mere [hypothesis] that the injury occurred at a time when his employer was an entity other than Union Carbide Coating Services Corporation. CT Page 5005
The defendants have not established that there is no genuine dispute as to the material facts nor that the facts are that any of them was, at the time of the injury, the plaintiff's employer within the meaning of § 31-284(a). They have not established the date of onset of the condition of which he complains (required for adjudication of their invocation of the statute of limitations,) and they have asked the court to resolve disputed facts as to their status as product sellers.
Accordingly, the defendants' motion for summary judgment is denied.
Beverly J. Hodgson Judge of the Superior Court