[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff, Farmers Mechanics Savings Bank (Bank), instituted this action against the defendants, attorney Michael Rakosky and his law firm, Rakosky, Smith, Miller 
Papp, P.C., by complaint filed September 13, 1993. The two count complaint alleged attorney malpractice in count one against both defendants and count two alleged justified reliance.
The underlying action involved the defendants' representation of Mr. and Mrs. Kernozek (not a party to this CT Page 2670 action) in connection with a commercial loan transaction. The plaintiff bank alleges that the defendant Rakosky, in a written opinion letter concerning title, stated that the Kernozeks owned certain property. The bank claims that the property was not owned by the Kernozeks, but rather by the business they owned and operated. Additionally, the plaintiff alleges that the defendant delivered an owner's title insurance policy as opposed to a mortgagee's title insurance policy. In reliance on the defendant's negligently prepared opinion of title and the improperly issued title insurance policy, the plaintiff claims that it did not have any mortgage in the property securing a major portion of the $275,000 loan.
The closing for this loan was held November 8, 1983. The Kernozeks were represented by attorney Rakosky, the defendant. The plaintiff admits to not having independent legal counsel. The bank argues that it was justified in relying on the defendant's title opinion. The bank does not allege an attorney-client relationship with the defendant Rakosky.
The defendants presently seek summary judgment against both counts of the complaint claiming that the action is barred by operation of General Statutes § 52-584b, the statute of limitations.
DISCUSSION
The standard for considering a motion for summary judgment is well established. Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which entitle him to judgment as a matter of law. Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105 (1994); D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . the test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Connell v.Colwell, 214 Conn. 242, 246-47 (1990). CT Page 2671
The defendant claims that the action is barred by the statute of limitations because, he argues, the plaintiff would have discovered or reasonably would have discovered the alleged defects in title at the time of closing had it diligently reviewed and/or searched the title. The plaintiff argues that "[b]ecause of the number of property transactions in 1983, and because only approved title companies were permitted to provide title policies, the Plaintiff would review only the property description and the name of the title holder and file the title policies in the appropriate loan closing file. . . . [U]ntil the loan was delinquent or a claim made against Farmers and Mechanics, the Plaintiff had no reason to examine its loan closing file." (Opposition memorandum p. 6). The issue before the court is whether, as a matter of law, it was reasonable for the plaintiff to choose not to examine the title and, therefore, remain ignorant of title defects that were discoverable at the time of closing.
The plaintiff's argument is without substance. The bank appears to argue that because of the number of loan transactions, having legal counsel search title or conduct more than a superficial name and address review of the closing documents was cost prohibitive. The court observes that the plaintiff is a sophisticated commercial entity involved in a normal course of business transaction. The bank recognized the attendant risk involved with conducting such a superficial review and accepted that risk. Despite the extremely low probability that both a mortgagor would default and the mortgagor's attorney would negligently search the title and negligently prepare title insurance policies, the bank cannot now seek to avoid the limitation period provided for in General Statutes § 52-584b by claiming that it had no knowledge of the claimed defects. The bank does not allege that the defendant committed fraud, nor does it allege any attempt by the defendant to conceal the defects.
The bank's argument is predicated on a cost/benefit analysis, and its decision not to have independent legal representation was profit motivated. This is not a case where the bank was blamelessly ignorant of the facts. With reasonable diligence, the defects were discoverable at the time of closing on November 8, 1983.
The applicable statute of limitations, General Statutes CT Page 2672 § 52-584b, titled "Limitation of actions against attorneys in connection with title certificates or opinions and title searches" states:
 Notwithstanding any provision of the general statutes, no action, whether in contract, tort or otherwise, against an attorney to recover for injury caused by negligence or by reckless or wanton misconduct in the preparation of and the execution and delivery of an attorney's title certificate or opinion, or the title search in connection therewith, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, except that no such action may be brought more than ten years from the date of such delivery. A counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
As a matter of law, the injury was first sustained at the closing held November 8, 1983. The defendant argues that the plaintiff should have reasonably discovered the defects at closing and the action is untimely, but offers no legal authority to support his position. The plaintiff argues that it was reasonable to rely on the defendant's representations and suit was initiated within ten years of the closing and two years from discovery as provided by the statute of limitations, General Statutes § 52-584b.
In opposing the defendant's motion for summary judgment, the bank offers only one legal authority. The bank relies solely on Westport Bank Trust Co. v. Corcoran, Mallin Aresco; 221 Conn. 490, 605 A.2d 862 (1992); for the proposition that "Connecticut banks often rely on a single attorney representing the borrower." (Opposition memorandum pp. 3-4). The facts in Westport, however, are distinguishable. The attorney in Westport was clearly in a dual representation capacity and the borrowers directed the attorney to prepare documents on behalf of the bank. In the case at bar, the plaintiff does not allege an attorney-client relationship with the defendant nor does it allege that the Kernozeks directed the defendant to prepare documents on CT Page 2673 behalf of the plaintiff. The case at bar does not involve dual representation.
"In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm. . . . Actionable harm occurs when the plaintiff discovers or should discover, through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such injury. (Citation omitted.) Champagne v. Rayvestos-Manhattan,212 Conn. 509, 521, 562 A.2d 1100 (1989). Although Connecticut courts have not directly addressed the discovery rule and its application to General Statutes § 52-584b, the discovery rule discussions from several other jurisdictions are persuasive.
"Thus, the discovery rule reflects concern for the practical needs of plaintiffs. It avoids dismissing a suit on grounds of limitation when a plaintiff is blamelessly ignorant of his cause of action." April Enterprises, Inc. v. KTTV, 147 Ca.App.3d 805, 826-27, 195 Cal.Rptr. 421 (1983). "Under the Massachusetts discovery rule, the running of the statute of limitations is delayed while the facts, as distinguished from the legal theory for the cause of action, remain inherently unknowable to the injured party. . . . The plaintiff bears the burden of presenting facts sufficient to take the case outside the statute of limitations." (Citations omitted.)Catrone v. Thoroughbred Racing Associations, 929 F.2d 881, 885
(1st Cir. 1991). "Outside a medical malpractice context, this exception [time of discovery exception] is narrowly confined . . . to injuries which are both: (a) inherently unknowable; and (b) sustained by a blamelessly ignorant plaintiff. . . . Application of the time of discovery rule is limited, and each case must stand or fall on its own facts." (Citations omitted; internal quotation marks omitted.) David B. Lilly Co., Inc.v. Fisher, 18 F.3d 1112, 1117 (3rd Cir. 1994). "Although plaintiffs were certainly justified in relying to a large extent on their counsel to protect their interests, the mere fact that they were represented does not free them from their duty diligently to keep themselves informed." Moll v. U.S.Life Title Insurance Co. of New York, 700 F. Sup. 1284, 1293
(S.D.N.Y. 1988) (discussing due diligence required to toll statute).
The above cited cases, although not controlling authority, are persuasive to the court in resolving the issue CT Page 2674 presently before the court. The bank is neither blamelessly ignorant nor without the means of discovering the alleged defects as of the time of closing. Consequently, the cause of action accrued and the statute of limitation, General Statutes § 52-584b, began to run at the time of closing, November 8, 1983. Accordingly, General Statutes § 52-584b bars the action as a matter of law.
Therefore, the defendants' Motion for Summary Judgment is hereby granted.
Hurley, J.