[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF JOHN R.LILLIENDAHL, III
The defendant, John R. Lilliendahl, III, has moved for summary judgment on Counts Twelve, Thirteen, Fourteen, Fifteen, and Sixteen of the plaintiff's Revised Amended Complaint dated February 23, 1996.
FACTS
This case arises out of the plaintiff's sale of his law practice to the defendants in June, 1987, The First Count of the Complaint alleges that by a Buy-Out And Consulting Agreement (the "Agreement") dated January 5, 1987, the plaintiff agreed to sell his interest in the law practice known as Howd Ludorf in Hartford, Connecticut, and his personal property and other assets used by the Firm to the defendants John R. Lilliendahl, III and John J. Bogdanski. Schedule A to the Agreement is a list of the property of the Firm dated June 5, 1987. The First Count alleges that the defendants violated the Agreement in various ways, including improperly calculating payments due to the plaintiff, which resulted in the plaintiff being deprived of approximately $470,000 in payments.
Under the terms of the Agreement, which is incorporated by reference in the Complaint, the plaintiff agrees that he "shall sell, convey, assign or otherwise transfer [100%] of his right, title and interest in the Firm and those assets identified in Schedule A to [the defendants]." Schedule A sets forth the assets which the plaintiff agrees to convey to the defendants as: CT Page 1144
 All property, other than real property, currently owned and/or acquired by Seller [the plaintiff] between the date hereof and the date of transfer, which property is utilized in the business of the Firm, including but not limited to the following:
 1) Use the Firm name and any goodwill associated therewith.
 2) All furniture, equipment, machines, appliances, art objects, office supplies, books, periodicals, library materials, floor and wall coverings, window treatments, client files and contents thereof, business records and accounts, [etc].
 3) All bank accounts and the balances maintained therein in excess of $150,000.
 4) All accounts receivable in excess of $430,000 and the right to collection thereof
 5) All right to contingent fees and the collection thereof on plaintiff files.
 6) All right to fees and the collection thereof for work completed prior or subsequent to the date of transfer on existing files.
 7) All right to fees and the collection thereof for work on files which may be opened subsequent to the date (of transfer).
 8) All right to reimbursement for Firm expenses incurred prior or subsequent to the date (of transfer).
On June 30, 1987 Howd executed a Bill of Sale and Assignment which stated that Howd transferred all of his interest in the assets set forth above to Lilliendahl and Bogdanski.
The plaintiff's initial complaint was filed in June of 1994 and relied primarily on the Agreement. The plaintiff amended the complaint in March, 1995 to seek equitable relief It was not until November, 1995 that the plaintiff ever alleged that he had entered into an oral agreement with the defendants whereby they CT Page 1145 agreed to pay back the value of "loaned assets" totaling approximately One Million Eight Hundred Thousand Eighty-Eight Dollars ($1,888,000). Count Twelve of the Amended Complaint alleged that on or about June 18 or June 19, 1987 the defendants orally agreed to pay back to the plaintiff approximately $1.88 million, which the plaintiff claims represent the value of assets loaned to the defendants.
RULING
The primary basis of this Motion for Summary Judgment is that the "loaned assets" claimed in Count Twelve of the Amended Complaint are the exact same assets that the plaintiff alleges he sold to the defendants by virtue of the Agreement dated January 5, 1987 and the Bill of Sale and Assignment dated June 30, 1987 and, therefore, even if there were an oral agreement, which the defendant denies, Howd could not have loaned those assets 1) which he had previously agreed to sell to the defendants and 2) for which he was seeking payment in Counts One through Eleven of the Amended Complaint.
Paragraph eight of the Agreement provides:
 It is expressly agreed and understood by the parties that this document constitutes the entire agreement of the parties with respect to all matters pertaining to the sale of the business and assets of the firm and the future consulting services of the seller. No amendment of this agreement shall be effective unless in writing and signed by the parties.
(Emphasis added).
The defendant has presented evidence that Schedule A to the Agreement was signed on June 5, 1987 and covered the exact same assets as those alleged to be the subject of the loan in Count Twelve. He has also presented evidence that the plaintiff signed the Bill of Sale and Assignment on June 30, 1987, some eleven days after the alleged oral agreement. That Bill of Sale indicates that the plaintiff sold the allegedly loaned assets to the defendants.
As the Agreement between the parties clearly specifies, it represents the entire agreement between the parties and can only be amended in writing. Therefore, the alleged oral agreement of June 18 or June 19 cannot serve to alter the subject matter of CT Page 1146 the contract.
The plaintiff is evidently claiming that the alleged oral agreement is an entirely separate contract by which the plaintiff agreed to merely "loan" that which he had previously contracted to sell. Were the alleged oral agreement to have taken place, which the defendants deny, there could have been no consideration for any promise given by the defendants. In the absence of a claim that the Agreement is null and void, which plaintiff does not make, the plaintiff could not loan those assets which he was under a preexisting duty to sell. In addition, the execution of the Bill of Sale subsequent to the alleged oral agreement would have superseded that agreement.
The plaintiff has offered no evidence to oppose that offered by the defendants. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact;D.H.R Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). The plaintiff cannot recover loan payments for assets which he himself admits were sold to the defendants. Summary Judgment may enter in favor of the defendant on Count Twelve.
Counts Thirteen through Fifteen are based upon the alleged oral agreement set forth in Count Twelve. For the reasons set forth above, summary judgment should enter in favor of the defendants on those Counts.
Count Sixteen is also founded upon the alleged oral agreement alleged in Count Twelve. It alleges that the defendants' failure to repay the value of the loaned assets under the alleged oral agreement constitutes "civil theft." As set forth above, the claim of the alleged oral agreement is factually inconsistent with the allegations of Counts One through Eleven. Just as the defendants did not owe the plaintiff loan proceeds for property which they, essentially, had already purchased from the plaintiff, they could not have been guilty of theft of their own property. Therefore, summary judgment may enter in favor of the defendants on Count Sixteen.
By the court, CT Page 1147
Aurigemma, J.