[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#106)
This action arises out of a wrongful death action brought against the plaintiff's, United States Fidelity and Guaranty, insured, Donald Cole, Jr., by the Estate of Susan Rice. The Plaintiff, United States Fidelity and Guaranty (USFG), has moved for Summary Judgment and asserts that there is no genuine issue as to any material fact that it (USFG) lacks a duty, under a certain liability insurance policy, to defend and indemnify CT Page 9321 Donald Cole, Jr. with respect to the said wrongful death action as filed by the Estate of Susan Rice.
On December 9, 1993, Donald Cole, Jr. engaged in conduct that led to the death of Susan Rice. Thereafter, the said Donald Cole, Jr., was charged by the State of Connecticut with the murder of the said Susan Rice and thereafter the said Donald Cole, Jr. was tried and convicted by a jury of the charge of Murder. The Estate of Susan Rice there after brought the subject wrongful death action against Donald Cole, Jr. for "carelessly and negligently" causing the death of Susan Rice.
As is noted in the Plaintiff's Memorandum in Support of its Motion for Summary Judgment, the instant declaratory judgment action was filed by USFG against both the Estate of Susan Rice and Donald Cole, Jr.:
 ". . .in order to clarify that it (USFG) does have duty to defend or indemnify Donald Cole, Jr. in the underlying wrongful death suit-since (1) the murder of Susan Rice does not constitute a covered "occurrence" under the subject insurance policy and (2) Donald Cole, Jr. "intended" to cause Susan Rice's death. This Motion for Summary Judgment is filed by USFG as a vehicle to obtain a judgment in its favor as a matter of law.
The Connecticut Rules of Practice provide that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Doty v. Mucci,238 Conn. 800, 805, 679 A.2d 945 (1996). "The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Suarez v. DickmontPlastics Corp. , 229 Conn. 99, 105, 639 A.2d 507 (1994).
In this matter, the Plaintiff has established that Donald Cole, Jr. was convicted by a jury by proof beyond a reasonable doubt, of the crime of murder in violation of Section 53a-54a of the Connecticut General Statutes which provides in pertinent part CT Page 9322 that "a person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person."
The Plaintiff has also demonstrated that the subject insurance policy issued to Donald Cole, Jr. by the Plaintiff, which policy was in effect at the time of the murder, included personal liability coverage for damages caused by an "occurrence". An "occurrence" is defined within in the said policy as an "accident". In contrast, notes the Plaintiff, the crime of murder includes the essential element of intent.
The Plaintiff therefore argues that the intentional act of murder cannot be construed as an "accident" and can therefore not be considered as a covered "occurrence" under the subject insurance policy. The Plaintiff further argues that because a jury has already conclusively determined that Donald Cole, Jr. acted intentionally by murdering Susan Rice, the issue of "intent" is barred from being relitigated by application of the doctrine of collateral estoppel.
The Defendant Estate of Susan Rice objects to the Motion for Summary Judgment by arguing that there are genuine issues as to material facts in this case by virtue of the fact that the conviction of Donald Cole, Jr. is not a final judgment because the case is on appeal. The said Defendant further argues that conduct of Donald Cole, Jr. that led to the death of Susan Rice was not intentional conduct and that at the time he engaged in such conduct he was incapable of forming a specific intent because he was at said time suffering from a mental disease or defect, specifically "chronic paranoid schizophrenia and chronic alcoholism".
Based upon its careful consideration of the arguments of counsel at the hearing on this Motion and based upon its further careful review of the Memoranda of Law, Affidavits and Exhibits that have been submitted in connection with said Motion for Summary Judgment and the Objection thereto, the Court concludes that there is no genuine issue of material fact that the Plaintiff, USFG, lacks a duty, under the subject liability insurance policy, to defend and indemnify Donald Cole, Jr. with respect to the said wrongful death action as filed by the Estate of Susan Rice.
In the matter of Aetna Casualty Surety Co. v. Jones,220 Conn. 285 (1991), 596 A.2d 414 our Supreme Court addressed the issue of relitigating the issue of "intent". In that case Chief CT Page 9323 Justice Callahan succinctly stated that the issue before the Court was "whether an insurance company may use collateral estoppel to bar the heirs of a homicide victim from relitigating the issue of the criminal defendant's intent to cause the injuries that resulted in the victim's death". Aetna Casualty Surety Co. v. Jones, supra, 286.
With a factual scenario that is almost identical to the facts in the instant case, the Aetna Casualty Surety Co. v. Jones
Court held that the doctrine of collateral estoppel did bar the relitigation of the issue of intent in the wrongful death action following the criminal conviction.
By application of the same reasoning in this case as was employed by the Supreme Court in Aetna Casualty Surety Co. v.Jones, this Court rules that the issue of Donald Cole, Jr.'s intent has already been fairly litigated and determined and that any further relitigation of that issue is barred by the doctrine of collateral estoppel.
The court further finds that there is no merit to the Defendant, Estate of Susan Rice's, claim that the conviction of Donald Cole, Jr. of the crime of murder is not a final judgment simply because the case is on appeal. Indeed under Section 52-263
of the Connecticut General Statutes, Donald Cole, Jr.'s conviction could not even be on appeal unless it was a "final judgment" within the meaning of the statute. Clearly, Donald Cole Jr.'s criminal conviction is a "final judgment" from which an appeal may be and has been taken.
The Motion for Summary Judgment is accordingly granted.
BY THE COURT
Carroll, J.