[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this action have filed cross motions for Summary Judgment alleging grounds which they claim are dispositive of the issues which are raised by the facts of the case.
The matter subject of this suit is a claim for uninsured/under insured insurance benefits under the policy available to the plaintiffs by the defendant. The issue raised by the motions is whether a request by defendant sent to an owner of an automobile insurance policy which would lower uninsured/under insured benefits below the liability limits of the policy when executed by the owner, would prevent the principal operators, members of the plaintiffs' household, from obtaining the higher limits. The issue is would the signature of CT Page 14105 one principal operator, who the defendants claim is the named insured, bind all others when Connecticut law requires all named insured to execute such a request.
The court finds there is a substantial dispute in fact as to the issues presented. Issues of whether the plaintiff understood what it was she was signing and questions of fact relating to the issue of who is a named insured under the terms of the defendant's policy.
The Practice Book provides that Summary Judgment shall be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Miller v. United Technologies Corp. , 233 Conn. 732, 744-45
(1995).
In deciding a motion for Summary Judgment the trial court must view the evidence in the light most favorable to the non-moving party. Id., 745. The party seeking Summary Judgment has the burden of showing the absence of any genuine issue of material facts which under applicable principles of substantive law entitle him to a judgment as a matter of law. DHRConstruction Co. v. Donnelly, 180 Conn. 430, 434 (1980). The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105 (1994). See also Dety v. Mucci, 238 Conn. 800 (1996).
Non-assertions of fact are insufficient the evidence disclosing the existence of such an issue must be present.Barrett v. Danbury Hospital, 232 Conn. 242 (1995).
The parties on both sides of the issues have presented credible evidence that material issue of fact exist.
Motions for Summary Judgment by both parties are denied.
Kocay, J.