[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT CITY OF WATERBURY'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Pedro Toro Martinez brought the present action as a result of injuries allegedly sustained when he slipped and fell on an icy sidewalk. CT Page 1481
The defendant City of Waterbury has filed a motion for summary judgment, arguing first, that the plaintiff's cause of action is barred by the doctrine of governmental immunity and secondly that the City of Waterbury neither owned nor controlled the location where the plaintiff sustained his injuries.
"A motion for summary judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). As noted by the Connecticut Supreme Court inHertz Corporation v. Federal Insurance Company, 245 Conn. 374,380, ___ A.2d ___ (1998).
[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .Miller v. United Technologies Corp. , 233 Conn. 732, 744-45,660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Id., 745. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law;D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book 381 [now Practice Book (1998 Rev.) 17-46]. . . . Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105, 639 A.2d 507 (1994)." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805-806, 679 A.2d 945
(1996).
A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699 (1990). Finally, "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990).
The defendant's motion for summary judgment "is properly CT Page 1482 granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Perille v. Rebestos-Manhattan-Europe, Inc., 196 Conn. 529,543, 494 A.2d 555 (1985). In the present case, the plaintiff has presented a question of fact concerning the control of and responsibility for the property in question. Therefore, the defendant City's motion for summary judgment is denied.
___________________________ JULIA DiCOCCO DEWEY, J.