[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Cross Sound Ferry, has moved this court to grant summary judgment based upon the passing of the statute of limitations. For the following reasons, the defendant's motion for summary judgment is denied.
 I.
The plaintiff, Evelyn Lynch, commenced suit in this negligence action against the defendant on June 10, 1998. Wherein, she alleges she was a passenger on one of the defendant's ferries on November 11, 1996, when she "tripped" over a chuck, which is a block that is placed behind the tires of the motor vehicles to prevent them from rolling. She further alleges CT Page 8950 that the chuck was improperly and negligently placed between two motor vehicles [in the motor vehicle hold of the ferry]. . . ." As a result, she suffered a fracture of the left pubic ramus, hospitalization, decreased mobility, pain, anguish and shock.
The defendant has filed this motion for summary judgment stating that the period to bring suit is barred by the contractual terms of the passage ticket.
The defendant alleges that the front of the passage ticket contract stated "Contract: Subject to Terms on Reverse Side," and that the back of the ticket stated in relevant part: "Terms of Passage Contract Between Ferry, its Owners and their Employees and Concessionaires ("The Carrier") and passenger . . . (4) Carrier is not liable for loss of or damage to vehicles or personalty, or for personal injuries, illness or death, unless written notice is given to Owners within six months of the date of the occurrence, and suits on all such claims shall not be maintainable unless commenced within 1 year after the occurrence." The plaintiff's suit was initiated approximately one year and seven months after the alleged accident.
 II.
The Connecticut Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Miller v. United TechnologiesCorp., 233 Conn. 732, 744-45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .Id., 745. The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.; D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 17-46. . . . Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994).'" (Citation omitted.)Rivera v. Double A Transportation Inc., 248 Conn. 21, 24, ___ A.2d ___ (1999).
The defendant has not met his burden of showing the absence CT Page 8951 of any genuine issue of material fact entitling him to summary judgment. The plaintiff has alleged that she was a passenger on the defendant's ferry and that she was injured thereon. The defendant, while pleading statute of limitations, does not even concede that the plaintiff was in fact a passenger on one of its ferries. ("If plaintiff was a passenger aboard a ferry owned by Cross-Sound, she was aboard pursuant to a passage ticket contract which was accepted by her prior to her boarding the ferry." (Emphasis added.)). While the plaintiff concedes she was given a ticket when she paid for passage to New York, she disputes the fact that the ticket she was handed contained the aforementioned limiting language. In support of its claim that its passage ticket contracts contain the limiting language, the defendant submitted to the court a sample ferry ticket from August 24, 1998. This ticket is not the ticket, nor is it a copy of the ticket allegedly given to the plaintiff on November 11, 1996. Moreover, the ticket submitted by the defendant is actually two tickets (one representing the front of the ticket, the other representing the back) printed almost two years after the alleged incident took place. The court has no basis for concluding, after reviewing the submitted exhibit, that the sample ticket is identical to the tickets printed two years ago.
The defendant's motion for summary judgment is denied.
Mihalakos, J.