[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The rule is that "`the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. As the burden is on the movant, the evidence must be viewed in the light most favorable to the opponent.' (Citations omitted; internal quotation marks omitted.) D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980)." Connecticut HousingFinance Authority v. John Fitch Court Ltd. Partnership,49 Conn. App. 142, 145-46, 713 A.2d 900, cert. denied, 247 Conn. 908
(1998). Having reviewed the materials submitted in connection with the motion for summary judgment at some length, I cannot find that it is "quite clear" what the truth, in fact, is here. For this reason the motion for summary judgment must be denied.
BY THE COURT
Bruce L. Levin, Judge of the Superior Court