[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (RE: MOTION FOR SUMMARY JUDGMENT)
 Law and Background
The defendants, John S. Barnecki and the Town of Hebron move for summary judgment on the grounds they are protected by the doctrine of sovereign immunity.
In this action the plaintiffs (hereinafter Pickett) sued James Stebbins d.b.a. claiming multiple defects in a new home Stebbins, a building contractor, constructed for them.
In the seventh count, Pickett alleges that John Bamecki issued a certificate of occupancy for the premises with a reckless disregard for the health and safety of the plaintiffs in that:
a. The defects in the fireplace constituted a fire hazard.
b. The defects in the wiring constituted a fire hazard.
c. The defects in the joist hangers, supporting beams and CT Page 11383 brick work constituted a risk of collapse and injury.
d. The defects in the plywood sheathing and TYVEK wrap rendered the premises open to the weather and hereby constituted a hazard to the health of the occupants.
The eighth count alleges the town of Hebron is vicariously liable for the reckless acts of the defendant Barnecki as he was an employee of the town, to wit, the building official.
It is clear that Connecticut General Statutes § 52-557n(b)(7) and (8) exempts Barnecki and the town of Hebron from liability for the negligent inspection of property or negligent issuance of a certification of occupancy unless such issuance or inspection constitutes a reckless disregard for health or safety under the circumstance.[1]
The function of the Court in a summary judgment is to determine if there is a genuine issue as to a material fact and if the movant is entitled to judgment as a matter of law. Daileyv. New Britain Machine Co., 200 Conn. 562, 568 (1986). Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 105 (1994).
The standard applicable to granting summary judgment is the same as that applied to granting a directed verdict. State v.Goggin, 208 Conn. 606, 616 (1988).
The movant carries the burden of proof of demonstrating the absence of issues of material fact, Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317 (1984), and the party in opposition to the motion has the burden of showing the existence of issues of material fact. Rawling v. City of New Haven,206 Conn. 100, 104, (1988).
Inferences to be drawn from underlying facts contained in the affidavits and other evidentiary material are to be viewed in light most favorable to the party in opposition. D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980).
Any affidavit shall be made on personal knowledge; contain admissible evidentiary facts; and demonstrate the affiant is competent to testify to matters contained therein. Practice Book § 17-46.
 Discussion
CT Page 11384
In support of their motion for summary judgment, the defendants submit the affidavit of the defendant John S. Barnecki, which states that he was the building official for the town of Hebron at all relevant times; that he inspected the construction of the home on several occasions for compliance with State Building Code Requirements and that he issued a certificate of occupancy in accordance with the requirements of state law and that all relevant activities were done in his capacity as the Hebron building official. That affidavit simply does not support the absence of any issue of material fact, namely, whether, as alleged, the issuance of the certificate of occupancy was issued with a reckless disregard for the health and safety of others.
This Court cannot say, as a matter of law, that the issuance of the certificate of occupancy did not constitute recklessness.
To its reply brief the plaintiffs attached an affidavit from Robert S. Nuzzi, a Building Construction Specialist II with the State of Connecticut, Department of Public Safety, Office of the State Building Inspector, who inspected the premises in his capacity as a Building Plan Reviewer with the Office of the State Building Inspector.
Apropos to the allegations of recklessly disregarding the health and safety of others, this affiant found the framing around the hearth was structurally unsound in violation of the State Building Code; that the structural integrity and overall support for the entire fireplace hearth was questionable; that the floor deflected when he stood next to it; that electrical circuits were not properly protected by ground fault protection in violation of the State Building Code; that the clothes dryer exhaust installation was a fire hazard; and that the siding shakes were improperly installed exposing sheathing directly to the elements.
Recognizing that reckless behavior is substantially more difficult to prove than mere negligence, (the actor must recognize that his action will naturally or likely result in injury and the actor must disregard that risk. See ConnecticutCivil Jury Instructions, 4th edition § 610), nonetheless, in this case, the allegations of the complaint supported by the affidavit and unrefuted by the movant' s affidavit lead the Court to conclude there are issues of material fact sufficiently raised by the plaintiffs. CT Page 11385
Accordingly, the Motion for Summary judgment as to the seventh and eighth counts is denied.
Klaczak, J.