[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (Motion for Summary Judgment)
The defendant, Town of Seymour has moved for summary judgment as to Counts Three and Four of the plaintiff's Amended Complaint dated April 18, 1997, representing that the public highway in question was not under the control of the Town, and therefore the Town had no duty to the plaintiff.
 I
The facts alleged are that the plaintiff, on March 9, 1994 was operating a vehicle in a southerly direction on Roosevelt Drive, Route 34 in Seymour, Connecticut, in the vicinity of Argonne Terrace, when his motor vehicle proceeded to travel across the northerly lane of travel along Roosevelt Drive. It is further alleged that her vehicle traveled off the highway and collided with a tree. The plaintiff claims personal injury and property damage as a result of this collision. The plaintiff alleges that the surface of the highway at said location, on said date and time was composed of water and ice which made the highway surface slippery, dangerous and defective.
In the plaintiff's Amended Complaint dated April 18, 1997, the plaintiff brings a four count complaint. The first two counts are against defendant Emil Frankel, Commissioner of Transportation and Counts Three and Four are against the Town of Seymour. It is to Counts Three and Four that the defendant Town of Seymour's Motion for Summary Judgment is addressed.
In the Third Count of the plaintiff's Complaint, the plaintiff alleges:
 "at all times mentioned herein Argonne Terrace, Seymour, Connecticut, was a public highway included in the Town of Seymour highway system, and was under the control and maintenance of the defendant, Town of Seymour."
This Count further states that:
 "Said collision and resultant injuries were caused by the breach of a statutory duty under Connecticut General Statute § 13-149 to maintain the highway and the stormwater drainage of the defendant, the Town of Seymour . . ."
The Fourth Count of the Complaint alleges nuisance as to the Town of Seymour under Connecticut General Statutes § 13-149. CT Page 16577
It is the position of the Town of Seymour that the public highway in question was neither under the control or maintenance of the Town, and therefore, the Town owed no duty to the plaintiff. Absent a duty, the Town claims that it cannot be liable for any injuries or damages sustained by the plaintiff.
The plaintiff claims that the Town of Seymour was aware of a drainage problem regarding water runoff from Argonne Terrace and that there was puddling and pooling of water. The plaintiff claims that it was this runoff of water from Argonne Terrace which was permitted to pool at the base of Argonne Terrace and Route 34 and to flow over Route 34, and to freeze and cause this motor vehicle accident involving the plaintiff.
 II
Connecticut Practice Book Section 17-49 provides that "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Barrett v. DanburyHospital, 232 Conn. 242, 250 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact."State v. Goggin, 208 Conn. 606, 616 (1988). "In seeking summary judgment, it is the movant who has the burden of showing the non-existence of any issue of fact." DHR Construction Company v.Donlea, 180 Conn. 430 (1980); Zapata v. Burns, 207 Conn. 496, 502
(1988).
"The Court must view the evidence in the light most favorable to the non-moving party . . . The test is whether a party would be entitled to a directed verdict on the same facts." Suarez v.Dickmont Plastic Corp. , 229 Conn. 99, 105-06 (1994); Vaddick v.Seymour, 186 Conn. 632, 647 (1982). "In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 505 (1988).
The Court has reviewed the following documents and exhibits in rendering its decision: the Police Department Report dated March 9, 1994; Amended Complaint dated April 18, 1997; statement of Salvatore Vicari, Seymour Director of Public Works, dated May 1, 1995; deposition testimony of J. Hemstock dated March 2, 1998; CT Page 16578 affidavit of the plaintiff Christine Lepri Kosko, dated March 14, 1999; deposition of Salvatore Vicari dated February 3, 1999, and the defendant State of Connecticut's Answers to the defendant Town of Seymour's Request for Admissions, said Answers being dated June 25, 1997.
The Court finds that there is a genuine issue of material fact as to who maintains the sewer drain catch basin on Argonne Terrace in the Town of Seymour. Neither the Town of Seymour nor the State of Connecticut Department of Transportation will admit to being responsible for its maintenance. Questions of fact exist as to who was responsible for controlling the water flow, and for preventing the water flow from Argonne Terrace down to Route 34. In their respective pleadings, both defendants deny responsibility, placing material facts into dispute.
In Merola v. Burns, 21 Conn. App. 633 (1990) the Court held that Connecticut General Statutes § 13a-99a(c) governs the allocation of responsibility for maintaining an intersection of the state and town road, and that pursuant to that statute, the state is only responsible for maintaining the traveled portion of the state highway. This Court agrees with the plaintiff that at an intersection of a town road and state highway, the town may well have a duty to maintain, not only the portion of the town road that is outside the state highway right of way, but possibly that portion of the town road that is within the state highway right of way exclusive of the traveled portion of the state highway.
The question of who caused, and was responsible for, maintaining the water flowing down Argonne Terrace and over Route 34, which is alleged to have froze causing an ice formation is a question of genuine material fact.
Accordingly, the defendant Town of Seymour's Motion for Summary Judgment as to Counts Three and Four is denied.
THE COURT
Arnold, J.