[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#107)
CT Page 4923
Plaintiff assets that summary judgment should enter as to liability. The basis of this assertion seems to be that the defendant did not file an affidavit opposing plaintiff's self-serving and incomplete affidavit.
The case arises from plaintiff's claim that defendant made an improper left turn in front of plaintiff's car. In plaintiff's affidavit, plaintiff asserts ". . . he made an improper left turn because he cut in front of me . . ." This bald statement is the basis on which plaintiff seeks summary judgment.
In defendant's pleadings he asserts special defenses, including a variety of different acts of negligence asserted against the plaintiff. All the special defenses are premised on plaintiff's alleged contributory negligence. The plaintiff denies each and every allegation n the special defenses.
Thus we have a classic and clear cut set of factual disputes for resolution by a trier of fact. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; D.H. R. Construction Co. v. Donnelly,180 Conn. 430. 434. 429 A.2d 908 (1980).
The plaintiff has not approached meeting the burden to achieve the entry of summary judgment.
The Motion for Summary Judgment is denied.
DANIEL E. BRENNAN, JR., J.