[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants move for summary judgment to enter in their favor on the grounds that the plaintiff has failed to disclose an expert necessary for her to prevail in this products liability action. The plaintiff objects on the grounds that no expert is necessary under the law and the facts of this case. For the foregoing reasons, the court finds the issues in favor of the plaintiff
The defendant's motion contains no supporting affidavit or documentary CT Page 9634 evidence but rests simply on the argument that because the plaintiff claims harm resulted from an allergic reaction to a chemical product, she needs an expert to prove the harmful propensities of the product and the fact that it can affect an appreciable number of persons. The plaintiff responds that 1) the cases relied upon by the defendant, namely Crottyv. Shartenberg's-New Haven, Inc., 147 Conn. 460 (1960) and Corneliusonv. Arthur Drug Stores, Inc., 153 Conn. 134 (1965), are no longer good law because they predate the Connecticut products liability statute and 2) her complaint also alleges that the defendants failed to adequately warn users, a claim which does not require expert testimony. The defendants did not address the latter claim in their motion and memorandum.
It is the moving party's burden to show the absence of any material fact in order to be entitled to summary judgment. D.H.R. ConstructionCo. v. Donnelly, 180 Conn. 430, 434 (1980). Because there remains an issue of fact as to the claim of failure to warn and the need for expert testimony, the motion is denied.
DiPentima, J.