[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT ALI'S MOTION FOR SUMMARY JUDGMENT
By motion dated February 27, 2002, the defendant Gregory All, D/B/A Ali's Nursery, moves for summary judgment. This case involves a claim for injuries sustained as a result of a fall by the plaintiff on January 19, 1999, in the parking lot controlled and/or maintained by the defendant. It is undisputed that the plaintiff's fall occurred during an ongoing freezing rain and sleet storm. Citing Kraus v. Newton, 211 Conn. 191,558 A.2d 240 (1989), the defendant argues that it had no duty of care to remove ice or snow which accumulated during the storm, until a reasonable time after the storm had concluded. Because it owed the plaintiff no duty of care, the defendant seeks judgment as a matter of law.
Summary judgment may be used to resolve litigation when there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case, Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The test for granting such a motion is whether a trial court would grant a directed verdict on the same evidence, Batick v. Seymour, 186 Conn. 632, 647,443 A.2d 471 (1982). of course, the burden is on the party seeking summary judgment to show the non-existence of any material fact and the burden has been defined as a "strict" one, Strada v. Conn. Newspapers,Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984), D.H.R. Construction Co.v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980)
While the plaintiff concedes that there was an active storm at the time of her fall, she alleges that her fall may have occurred on "old" ice, related to a previous storm; therefore, Kraus is inapposite. As support for this position, the plaintiff refers to page 58 from her deposition which reads as follows:
 Q. . . . As you sit here today, do you know whether or not that ice that you slipped on existed in that location prior to let's say 6 a.m. on January 18, 1999?
CT Page 5581
A. I would think so.
The plaintiff, in follow-up questioning, could not provide a basis for that statement, nor has she provided evidence for this assumption in the documents attached to her Memorandum of Law In Opposition to the Motion for Summary Judgment. In her response to the defendant's Request for Admissions, she stated that ". . . old ice may have contributed to the fall." This assertion, which the plaintiff maintains raises a material issue of fact, is mere speculation, and does not afford the court a sufficient evidentiary basis to deny the Motion for Summary Judgment. See: Guertin v. Servus, Inc., No. CV92-05139965, Judicial District of Hartford-New Britain at Hartford (February 2, 1995, Corradino, J.).
In viewing this motion in the light most favorable to the nonmoving party, the court finds that the plaintiff has failed to raise an issue of material fact. The defendant's Motion For Summary Judgment is granted.
 ___________________, J. WOLVEN