STATE

v.

Robert MONTEIRO.

No. 93–43–C.A.

Supreme Court of Rhode Island.

Oct. 25, 1993.

Jeffrey Pine, Atty. Gen., Annie Goldberg, Aaron Weisman, Asst. Attys. Gen., for plaintiff.

Mark L. Smith, Public Defender, for defendant.

PER CURIAM.

This matter was before the Supreme Court pursuant to an order directing the state and the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant, Robert Monteiro, appeals from a conviction on four counts of perjury in giving false testimony to the grand jury.

The defendant had been subpoenaed before the statewide grand jury in 1990 to testify in the ongoing investigation of a 1982 Woonsocket homicide. The defendant's testimony purported to establish an alibi for a person later convicted of the killing. The defendant appeared before the grand jury on three occasions. In due course defendant was indicted on seven counts of perjury in relation to his grand jury testimony.

In Superior Court he filed two pretrial motions, one to suppress statements obtained from defendant's grand jury testimony and the other to dismiss, claiming that the indictments violated his rights to due process under the Fifth Amendment to the United States Constitution and article I, section 2, of the Rhode Island Constitution. He argued specifically that at his second and third appearances before the grand jury, he should have been given his *Miranda* warnings because those appearances amounted to interrogation. The trial justice denied both motions.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

The grand jury was sitting to investigate a murder. This defendant's testimony was material to that investigation. As late as defendant's third appearance before the grand jury, it was still developing evidence regarding the murder. This defendant was never a suspect in that case.

In *United States v. Washington,* 431 U.S. 181, 97 S.Ct. 1814, 52 L.Ed.2d 238 (1977), the Supreme Court stated:

"It is firmly settled that the prospect of being indicted does not entitle a witness to commit perjury, and witnesses who are not grand jury targets are protected from compulsory self-incrimination to the same extent as those who are. Because target witness status neither enlarges nor dimin-

ishes the constitutional protection against compelled self-incrimination, potential-defendant warnings add nothing of value to protection of Fifth Amendment rights." *Id.* at 189, 97 S. Ct. at 1820, 52 L. Ed. 2d at 246.

The trial justice found specifically that there was no evidence to support the proposition that the action of the grand jury in summoning the defendant on any of the three occasions was inappropriate or oppressive. That finding was amply supported by the record before him. The cases of *People v. Tyler*, 46 N.Y.2d 251, 385 N.E.2d 1224, 413 N.Y.S.2d 295 (1978), and *Brown v. United States*, 245 F.2d 549 (8th Cir.1957), relied upon by the defendant have no application to the facts in this case.

For these reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

FAY, C.J., did not participate.