[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 29, 1995, the plaintiff, Brian Petronella, filed a malpractice action against the defendant, Attorney Gary Cahill. The complaint alleges that Attorney Cahill represented Brian Petronella in a dissolution of marriage action against Sharon Petronella. As part of the judgment in said action, on January 4, 1989, Brian Petronella was ordered to pay $450 a week in support of his minor child. Some time after the judgment was rendered, Brian and Sharon Petronella allegedly agreed to modify the judgment in order to reduce the child support order to $300 a week. Brian and Sharon Petronella allegedly signed a stipulation to this effect, and on January 5, 1990, they filed a joint motion to modify the child support order in accordance with the stipulation.
The complaint further alleges that Attorney Cahill represented Brian Petronella for purposes concerning the motion to modify. The complaint alleges that Attorney Cahill led Brain Petronella to believe that the court modified the child support order to $300 a week, effective February 26, 1990. In good faith belief that the judgment had been so modified, on and after February 26, 1990, Brain Petronella allegedly paid Sharon Petronella $300 a week for child support. The complaint alleges that on December 8, 1994, Petronella was informed for the first time that the motion to modify was never acted upon by the court, and thus, the child support payment order remained $450 a week. The complaint alleges that as of February 9, 1995, Brian Petronella was found $39,000 in arrears toward child support.
The complaint alleges that Attorney Cahill owed Brian Petronella the following continuing, fiduciary duties as his attorney: (1) the duty to take the legal actions necessary to have the court act upon the motion to modify; (2) the duty to ascertain whether the court acted upon the motion; and, (3) the duty to inform his client that the court had not acted upon the motion to modify. The complaint alleges that Attorney Cahill negligently failed to perform these continuing, fiduciary duties. The complaint alleges that as a result of said negligence, the $450 a week child support order remained, and continues to remain, in effect; Brian Petronella suffered financial loss CT Page 4736 because he had to defend a motion for contempt; Brian Petronella was found $39,000 in arrears toward child support; and, Brian Petronella is still obligated to pay $450 a week instead of $300.
By his amended answer and special defenses dated October 22, 1996, Attorney Cahill admits that he represented Petronella in the dissolution action; that on January 4, 1989, as part of the judgment in the dissolution action, Petronella was ordered to pay $450 a week for the support of his minor child; that thereafter Petronella and his former wife agreed to modify the support order to $300 per week; that Petronella and his former wife signed a stipulation to that effect; and, that a joint motion to modify was filed with the court. Attorney Cahill denies that he induced Petronella to believe that the motion to modify was granted by the court on February 26, 1990. Attorney Cahill further denies that he owed Petronella any continuing, fiduciary duty, or, that he breached any said duty.
Attorney Cahill raises two special defenses. In his first special defense, Attorney Cahill claims that the action is barred by the applicable statute of limitations, General Statutes §52-577. In the second special defense, Attorney Cahill raises the doctrine of collateral estoppel. Attorney Cahill alleges that the issue of the enforceability of the motion to modify was already considered and decided by the court. Petroni, J., as part of the court's memorandum of decision on Sharon Petronella's motion for contempt, dated March 2, 1995. Attorney Cahill therefore claims that Brian Petronella is precluded from re-litigating the enforceability of the motion to modify in this action.
On October 25, 1996, Attorney Cahill filed a motion for summary judgment based upon his two special defenses. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. `(Internal quotation marks omitted.) Miller v.United Technologies Corp., 233 Conn. 732, 744-45, 660 A.2d 810
(1995). `In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .' (Internal quotation marks omitted.) Id.,
745. `The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle CT Page 4737 him to a judgment as a matter of law; D.H.R. Construction Co. v.Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381.' (Internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). Summary judgment may be granted where the claim is barred by the statute of limitations. See Daily v. New BritainMachine Co., 200 Conn. 562, 566-70, 512 A.2d 893 (1986); Burns v.Hartford Hospital, 192 Conn. 451, 472 A.2d 1257 (1984) (summary judgment affirmed on ground that suit barred by statute of limitations)." Doty v. Mucci, 238 Conn. 800, 805-06, 679 A.2d 945
(1996).
Attorney Cahill first argues that he is entitled to judgment as a matter of law because the undisputed facts prove that the action is barred by the statute of limitations, General Statutes § 52-577. Section 52-577 indeed applies to the present one count complaint alleging a cause of action for legal malpractice.S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 790, 632 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). Section 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes § 52-577. "Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs. Our Supreme Court stated inFichera v. Mine Hill Corporation, 207 Conn. 204, 212,541 A.2d 472 (1988): `In construing our general tort statute of limitations, General Statutes § 52-577, which allows for an action to be brought within three years" from the date of the act or omission complained of, "we have concluded that the history of that legislative choice of language precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred. . . .'" (Citation omitted.) S.M.S. Textile Mills, Inc. v. Brown,Jacobson. Tillinghast, Lahan King, P.C., supra, 790-91. Hence, a cause of action may abate before the party is aware of its injury. See Sanborn v. Greenwald, 39 Conn. App. 289, 295-96,664 A.2d 803 (1995). There are two exceptions to the general rule that a legal malpractice action must be brought within three years of the act or omission complained of; the doctrines of continuing course of conduct and fraudulent concealment. SeeS.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, LahanCT Page 4738 King, P.C., supra, 32 Conn. App. 792-93 (continuing course of conduct doctrine); Bartone v. Robert L. Day Co., 232 Conn. 527,533, 656 A.2d 221 (1995) (doctrine of fraudulent concealment).
In support of his motion for summary judgment, Attorney Cahill submitted his affidavit and Brian Petronella's answers to the first set of requests for admissions. From this evidence, Brian Petronella and Attorney Cahill agree to the following facts: The motion to modify was filed in January 1990; Brian Petronella did not receive any correspondence from Attorney Cahill after January 18, 1990, when Attorney Cahill sent Brian Petronella a letter along with the original and a copy of the Petronellas' stipulation relating to the motion to modify the child support order; Attorney Cahill never told Brian Petronella that the motion to modify was granted by the court; and, the attorney/client relationship between Brain Petronella and Attorney Cahill ended March 1990.
Thus, in reviewing the affidavit and pleadings, including the above mentioned admissions, the evidence offered in support of the motion for summary judgment indicates that Brian Petronellaunilaterally decided to reduce his child support payments without any notification from Attorney Cahill that the court approved the motion to modify. Furthermore, the plaintiff himself admits that there was no ongoing relationship between the parties after March 1990, upon which the court can base a legal finding of a continuing duty. See Sanborn v. Greenwald, 39 Conn. App. 289,295-96, 664 A.2d 803 (1995). Upon reading the complaint, initially the court was concerned about the allegation that Brian Petronella was induced by Attorney Cahill to believe that the motion to modify was granted by the court, a factual scenario that would possibly distinguish this case from the facts recited in Sanborn v. Greenwald, supra. Brian Petronella, however, offered no evidence in opposition to the motion for summary judgment to substantiate this allegation, an allegation directly challenged by the evidence offered in support. "The party opposing a motion for summary judgment `must present evidence that demonstrates the existence of some disputed factual issue . . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and document.' (Citations omitted; internal quotation CT Page 4739 marks omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578-79, 573 A.2d 699 (1990). The opposing party to a motion for summary judgment `must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such issue. . . . The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence.' (Citation omitted; internal quotation marks omitted.) 2830Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994)." Pion v.Southern New England Telephone Co., 44 Conn. App. 657, ___ A.2d ___ (1997).
Brain Petronella has failed to substantiate his bald allegation that Attorney Cahill induced his belief that the motion to modify was granted with any counteraffidavit or concrete evidence. In light of the evidence offered in support of the motion for summary judgment, the court finds that the act or omission complained of occurred in March 1990. Brian Petronella did not commence this action until October 23, 1995. See Sheriff's Return of Record. The action is therefore barred by the applicable statute of limitations, General Statutes § 52-577. The motion for summary judgment is granted. Based upon this conclusion, it is not necessary to address the second ground for summary judgment.
SO ORDERED:
MELVILLE, JUDGE