[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S KAWNEER COMPANY MOTION FOR SUMMARY JUDGMENT
This is a product liability action in which the plaintiff claims that she suffered injuries when a door, which was manufactured by the defendant, Kawneer Company, came loose from its hinges. In her Substituted Complaint, the plaintiff alleges, inter alia, that the door was defective and that the installation instructions provided by the defendant were inadequate.
The plaintiff disclosed an expert witness on the subject of product defect; however, at his deposition he testified that the door was not defective, and that the door hinge broke because of faulty installation. There is no dispute that the door was installed by the codefendant, New Canaan Mirror and Glass. The defendant moved for summary judgment, on October 23, 2002, arguing that there was no material issues of fact as to the condition of the door, and that it was entitled to judgment as a matter of law. Kawneer Company supported this position with an affidavit of Kawneer's Installation Supervisor, who testifies that he was unaware of any incidents involving the claimed failure of this door hinge. A copy of portions of the plaintiff's expert's deposition was also provided.
On December 2, 2002, the plaintiff disclosed a second expert. By sworn affidavit dated February 25, 2003, this expert testified that based upon his examination the door failed because of its installation. The expert further opined that the installation drawings provided by the defendant, Kawneer Company, "failed to adequately describe the proper installation of the pivot hinge and the necessity of supporting it over its entire base." The defendant states that this disclosure is beyond the time permitted by a court scheduling order and is therefore inadmissible. The court notes that there is great rancor between counsel in this matter, as well as mutual assertions of impropriety. This has impeded the discovery process to the dismay of the court.
Standard of Review CT Page 3194
Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 17-45, 17-46; Burns v. Hanford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v.Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978); Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); NewMilford Savings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as to any material fact. Scinto v. Stam, 224 Conn. 524, 530, cert. denied,114 S.Ct. 176, 126 L.Ed.2d 136 (1993); Connell v. Colwell, 214 Conn. 242,246, 571 A.2d 116 (1991). Summary judgment is "designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." Wilson v. City of New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989)
Mere assertions of fact are insufficient to establish the existence of an issue of material fact and cannot refute evidence that is properly presented to a court in support of a motion for summary judgment. Millerv. United Technologies Corp. , 233 Conn. 732 (1995). Evidence in support of motions for summary judgment and opposition to such motions must be admissible evidence. Evidence that is inadmissible cannot be relied upon for purposes of a motion for summary judgment. Fogarty v. Rashaw,193 Conn. 442, 444, 476 A.2d 582 (1984); see, Practice Book Sections17-45, 17-46. If the non-moving party fails to respond with specific facts, the court is entitled to rely upon the facts stated in the affidavit of the movant. Id. If such affidavit, pleading or other proof submitted show that there is no genuine issue as to any material fact and CT Page 3195 that the moving party is entitled to judgment as a matter of law, the motion for summary judgment should be granted. Practice Book §17-49.
Discussion
Connecticut Practice Book § 13-4 allows the disclosure of an expert within a reasonable time prior to trial. Assuming that the plaintiff's disclosure was unreasonable, in light of the scheduling order, the court still has discretion to allow the expert when it: A) will not cause undue prejudice to the other party; B) will not interfere with the orderly progression of the trial; C) did not involve a bad faith delay by the disclosing party. The court finds that this disclosure causes little prejudice to the defendant and will not interfere with progression of the trial schedule, which is not scheduled until November of 2003.[1]
Moreover, the late disclosure was occasioned by the inadequate opinions rendered by the plaintiff's original expert, rather than by any bad faith on the part of the plaintiff. Accordingly, the court finds the disclosure permissible under Practice Book § 13-4, and the sworn opinions of this expert admissible for the purpose of opposing this motion.
The opinions rendered by the expert in his affidavit raise material issues of fact as to quality of the installation instructions provided by Kawneer Company. The defendant maintains, however, that the plaintiff must also prove that the inadequate installation instructions were the proximate cause of the plaintiff's injuries. The court agrees with this statement of the law, generally. Nonetheless, to prevail on this motion the defendant must demonstrate that there is an absence of material fact on the issue. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any issue of material fact." (Internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363,372-73, 746 A.2d 753 (2000). The defendant cites to Haesche v. Kissner,229 Conn. 313, 640 A.2d 89 (1994), a case in which the plaintiff claimed that the defendant manufacturer of a BB air rifle provided inadequate warnings concerning the dangers of the gun. The plaintiff was injured by a pellet from the gun, which was fired by the co-defendant, Kissner. In support of its motion for summary judgment, the defendant manufacturer presented abundant evidence by way of "affidavits, deposition testimony, and other documentary evidence tending to show that no warning would have changed Kissner's behavior." Heasche v. Kissner, supra at 219. This included a statement by Kissner indicating that he understood the serious risks of the air rifle, and had taken precautions to eliminate those risks. The Supreme Court held that summary judgment was appropriate where "a fair and reasonable person could not conclude that a warning would CT Page 3196 have altered Kissner's behavior." Haesche v. Kissner, supra at 222.
In this case, the defendant, Kawneer, has failed to present any evidence on the issue the co-defendant's use of the installation instructions. Again, it is the burden of the party seeking summary judgment to show the nonexistence of any material fact; D.H.R.Construction Co. v. Donnelly, supra at 434. If the New Canaan Mirror and Glass utilized Kawneer's inadequate instructions, the inadequate instructions could be found to be a proximate cause of the accident. Whether or not the installation instructions were utilized by the co-defendant is a question of material fact which has not been eliminated by the defendant. Accordingly, for the purposes of this motion Kawneer Company has not met its burden.
In her complaint, the plaintiff also alleges that the defendant violated the Connecticut Unfair Trade Practice Act. The defendant moved to strike the CUTPA count of the plaintiff's complaint. In response, the plaintiff has filed an Amended Complaint, to which the defendant has objected. These motions are still pending and were not specifically addressed by the parties during oral arguments. The defendant's arguments concerning CUTPA (as well as loss of consortium) in this motion are similar to those articulated in its position concerning product defect: the plaintiff has failed to produce evidence of a product defect. As previously stated; however, the plaintiff has produced competent evidence as to the failure of the defendant to provide adequate installation instructions. Thus, the defendant's arguments on the CUTPA and loss of consortium claims must fail.
For the reasons articulated above the defendant's Motion for Summary Judgment is denied in its entirety.
 By the Court, Wolven, Judge